Antonio Castanada **GARZA**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 49877, 49878.

Court of Criminal Appeals of Texas.

May 7, 1975.

Rehearing Denied May 28, 1975.

Kerry P. Fitzgerald, Dallas (Court-appointed on appeal only), for appellant.

Henry Wade, Dist. Atty., Steve Wilensky and Bill Booth, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

### OPINION

ODOM, Judge.

These are appeals from convictions for burglary of a habitation. The appellant pled guilty and received thirty years in Cause No. 49,878 and ten years in Cause No. 49,877.

Initially, appellant complains he was improperly admonished upon his pleas of guilty because the trial court never specifically inquired as to whether his pleas were "influenced by any persuasion." There has been no showing he was prejudiced or injured by the failure of the trial court to fully comply with Article 26.13, Vernon's Ann.C.C.P. No objection was made at the time the pleas were accepted and no motions for a new trial were filed. The first ground is without merit and overruled. Guster v. State, 522 S.W.2d 494 (1975).

In his second ground of error, appellant asserts the trial court erred by its

failure to halt the proceedings and conduct a separate pre-trial competency hearing. On April 29, 1974, his trial counsel filed a motion for appointment of a psychiatrist for an examination to determine present competency to stand trial. Dr. James P. Grigson, appointed by the court, examined the appellant and prepared a report wherein he concluded appellant was both sane and competent. The report indicated appellant was trying to "fake a psychiatric illness." The appellant pled guilty to both offenses on June 28, 1974.

In Perryman v. State, 494 S.W.2d 542, this Court said, at page 544:

"If the trial court determines that no such issue [of present sanity] exists, his decision will not be disturbed in the absence of abuse of discretion."

The fact that the court ordered a psychiatric examination of the appellant does not constitute a determination by the trial court of the existence of a sanity issue. Cf. Perryman v. State, supra. Indeed, in the instant case, there was *no* evidence to raise the issue of the competency of the appellant to stand trial. There has been no showing of an abuse of the court's discretion with regard to the failure to hold a competency hearing.

■ The final asserted ground of error is that the indictment in Cause 49,878 is fatally defective because it omits the essential allegation required by V.T.C.A. Penal Code, Section 30.02 that the burglarized habitation was "not then open to the public."

Section 30.02, supra, provides in part as follows:

"(a) A person commits an offense if, without the effective consent of the owner, he:

"(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft; or . . ."

It can be seen from the grammatical construction of Section 30.02(a)(1) [1] that "not open to the public" is meant to modify "building" and not "habitation."[2] If it were meant to modify "habitation" also, the comma would have been placed after "building" rather than after "habitation." It was not necessary that the indictment allege that the habitation was "not then open to the public."

The judgments in both causes are affirmed.

ONION, P. J., dissents to the disposition of the first ground of error.

---

1. One of the introductory provisions of the Penal Code provides:
   "(b) Unless a different construction is required by the context, Sections 2.01, 2.02, 2.04, 2.05, and 3.01 through 3.12 of the Code Construction Act (Article 5429b—2, Vernon's Texas Civil Statutes) apply to the construction of *this code*." V.T.C.A. Penal Code Sec. 1.05(b).
   Section 2.01 of the Code Construction Act says that "Words and Phrases shall be read in context and construed according to the *rules of grammar* and common usage." (Emphasis supplied.)

2. The word "habitation" is defined in Section 30.01(1) of the new Penal Code:
   "(1) 'Habitation' means a structure or vehicle *that is adapted for the overnight* accommodation of persons, and includes: . . ."