**Kenneth Earl JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51040.**

Court of Criminal Appeals of Texas.

May 19, 1976.

James P. Finstrom, Dallas (Court-appointed), for appellant.

Henry Wade, Dist. Atty., and Steve Wilensky, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from an order revoking probation.

On April 26, 1974, the appellant pleaded guilty to the offense of burglary of a habitation with intent to commit theft, V.T.C.A., Penal Code, Sec. 30.02(a)(1). The court assessed punishment at five years, probated, and set as condition (a) of appellant's probation that he commit no offense against the laws of this or any other State or the United States. On October 24, 1974, the State filed a motion to revoke appellant's probation, alleging that he had violated condition (a) by committing the offense of burglary. Specifically, the State alleged:

"On the 9th day of October, 1974, in Dallas County, Texas, Kenneth E. Johnson did then and there without the effective consent of Jewel Walker, the owner thereof, enter a building, then and there a habitation occupied by the said Jewel Walker, not then and there open to the public, with the intent to commit theft, to wit: with intent then and there to exercise control over and obtain property unlawfully from Jewel Walker, the owner of said property, and with intent to deprive the said owner of said property . . ."

The State alleged no other violations of probation.

The appellant contends that the original indictment is fundamentally defective in two respects; he also contends that the court abused its discretion in revoking probation, since the evidence was insufficient to support the allegation. We overrule these contentions and affirm.

The complainant (in the revocation proceeding), Jewel Walker, testified that she returned to her apartment on October 9, 1974, and found that it had been broken into. She stated that she had closed and locked her apartment when she left earlier in the day, and that she had not given anyone permission to enter the apartment.

Benny Bradley, a nine-year-old boy, testified that he lived in the same apartment complex as the complainant. He stated that he saw two men coming out of the window of the complainant's apartment during the afternoon of October 9, 1974. He denied that the appellant was one of the two men; he also denied that he had told the complainant or the security guard on the day of the offense that the appellant was one of the two men. However, he admitted that one of the two men was the appellant's brother.

After seeing the two men, the Bradley boy began to look for the apartment security guards; he found one of them approximately five minutes after seeing the men leave Jewel Walker's apartment.

George Clark testified that he was a security guard at the apartment complex on the date of the burglary. According to Clark, Benny Bradley beckoned to him, told him that two men had broken into an apartment and named the appellant as one of the two men. Clark approached the apartment and saw three boys standing near the front door of the complainant's apartment. One of the three—Clark was not sure which one—was inside the apartment when Clark arrived.

When they saw Clark, the three boys ran from the complex; Clark followed them but was unable to catch any of them. He then went to the apartment manager's office and called the Dallas police. While he was in the office, Clark saw the three boys walking nearby; he then went out, accompanied by another security guard, and apprehended them. He stated that the appellant was one of the three boys whom he saw, chased, and later apprehended.

■ Appellant's first contention is that the indictment fails to allege a culpable mental state as required by V.T.C.A., Penal

Code, Secs. 6.02, 6.03 and 30.02. See also Art. 21.03, Vernon's Ann.C.C.P. Omitting the formal parts, the indictment, to which appellant pleaded guilty prior to being placed on probation, charges that appellant:

"did then and there unlawfully then and there, with intent to commit theft, enter a habitation, without the effective consent of James T. Young, the owner . . ."

Such an indictment was held sufficient to allege a culpable mental state in *Teniente v. State,* 533 S.W.2d 805 (Tex.Cr.App.1975). This contention is overruled.

■ Appellant's second contention is that the indictment is fundamentally defective because it fails to allege that the habitation was "not then open to the public." Such an allegation is neither necessary nor appropriate in an indictment charging burglary of a habitation. *Garza v. State,* 522 S.W.2d 693 (Tex.Cr.App.1975). Appellant's contention is overruled.

■ Appellant's final contention is that the evidence is insufficient to support the order revoking probation.

The evidence shows an unauthorized breaking, appellant's presence in or near the burglarized premises shortly after the discovery of the breaking, and the appellant's flight from the scene after being discovered by the security guard.

■ Of course, it is well settled that the mere presence of an accused at the scene of an offense is not alone sufficient to support a conviction under the principles of V.T. C.A., Penal Code, Sec. 7.02(a)(2); however, it is a circumstance tending to prove guilt which, combined with other facts, may suffice to show that the accused was a partici-

pant. *Coronado v. State,* 508 S.W.2d 373 (Tex.Cr.App.1974), and cases there cited.

■ Moreover, an order revoking probation need only be supported by a preponderance of the evidence.[1] *Scamardo v. State,* 517 S.W.2d 293 (Tex.Cr.App.1975).

In *Shivers v. State,* 460 S.W.2d 915 (Tex. Cr.App.1970), this Court held, under very similar facts, that the evidence was sufficient, *beyond a reasonable doubt,* to support the defendant's conviction for burglary under our former Code. We hold that the evidence was sufficient to support the revocation order in this case.[2] See also *Torres v. State,* 491 S.W.2d 126 (Tex.Cr.App.1973); *Washington v. State,* 442 S.W.2d 395 (Tex. Cr.App.1965). This contention is overruled.

The judgment is affirmed.

---

1. We observe that the trial judge who heard the evidence and entered the revocation order at the same time found that the evidence was sufficient to support a finding that the appellant was guilty beyond a reasonable doubt of the offense of burglary; thereafter, the court granted the appellant a new trial because the evidence was, in the court's opinion, *not* sufficient beyond a reasonable doubt to sustain the conviction. The court correctly recognized that a lesser standard of proof is necessary to support a revocation order.

2. We need not decide the probative value (if any) in this revocation proceeding of Clark's hearsay testimony that Benny Bradley had identified the appellant as one of the two men who came out of the window of the complainant's apartment. Compare *Mendoza v. State,* 522 S.W.2d 898 (Tex.Cr.App.1975), with *Ex parte Martinez,* 530 S.W.2d 578 (Tex.Cr.App. 1975).