Ex parte Johnny PRESTRIDGE.

No. 64929.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 15, 1980.

Robert Huttash, State's Atty., Austin, for the State.

OPINION

PHILLIPS, Judge.

This is an application for a writ of habeas corpus filed pursuant to Art. 11.07, V.A.C. C.P.

Petitioner was convicted of the offense of burglary of a building on November 15, 1978, in Cause No. 18,772A in the 47th District Court of Potter County. Punishment, assessed at imprisonment for four years, was probated. Subsequently probation was revoked, and sentence imposed.

Petitioner urges that the indictment in this cause is fundamentally defective. We agree and grant relief.

The elements of the offense of burglary of a building under V.T.C.A. Penal Code, § 30.02(a)(1) are:

(1) a person

(2) without the effective consent of the owner

(3) enters a building (or any portion of a building) *not then open to the public*

(4) with the intent to commit a felony or theft [emphasis added]

See *Day v. State*, 532 S.W.2d 302 (Tex.Cr. App.1975); *Garcia v. State*, 571 S.W.2d 896 (Tex.Cr.App.1978).

The indictment in this case alleged that petitioner: "with intent to commit theft, [broke] and enter[ed] a building, without the effective consent of Ralph Olmsted, the owner."

 It is essential to the offense of burglary of a building that the building entered not be open to the public. See the emphasized portion of element three, above. The indictment is fundamentally defective for failing to allege that the building entered was not then open to the public. Compare *Garza v. State*, 522 S.W.2d 693 (Tex.Cr.App.1975); *Johnson v. State*, 537 S.W.2d 16 (Tex.Cr.App.1976).

Relief is granted. The conviction and indictment in Cause No. 18,772A are set aside. Petitioner is ordered released from confinement as a result of that conviction.

It is so ordered.

CLINTON, Judge, concurring.

The dissenting position–though not its rationale [1]–has its appeal until one carefully examines the variety of burglary offenses structured by the Legislature in V.T.C.A. Penal Code, § 30.02. For present purposes we need only look at two pertinent parts of subsections, *viz*:

"(a) A person commits an offense if, without the effective consent of the owner, he:

(1) enters ... a building (or any portion of a building) not then open to the public, *with intent to commit a felony or theft*; or

(2) * * *

(3) enters a building ... and *commits* or attempts to commit *a felony or theft*." [2]

Distinguishing characteristics of the first and third modes of committing burglary are at once apparent. The vice seen by the Legislature in the formulations is not merely entry, although that is certainly an essential element. The evil sought to be condemned is concomitant *conduct*.[3] Thus, though intruding any part of one's body or any physical object connected with it, *id.* Subsection (b), *is* conduct, for obvious reasons the Legislature did not denounce that initial conduct even when coupled with specific intent to commit a felony or theft *unless* that entry was made into a building "not then open to the public."

Viewed in this light, I am satisfied the element omitted in the instant indictment is, indeed, an essential element of the type of burglary offense proscribed by § 30.-02(a)(1), which is what was sought to be alleged here. The indictment, then, fails to allege an offense prescribed by the Legislature and is, therefore, fatally defective. So, on this basis I concur in the judgment of the Court.

DOUGLAS, Judge, dissenting.

The majority reverses this conviction by holding the indictment to be fundamentally defective for its failure to allege that Prestridge entered a building *not then open to the public*.

Article 21.17, V.A.C.C.P., states the guidelines for determining when the specific statutory language must be used:

"Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words."

The indictment in the case at bar alleges that Prestridge did "... with the intent to commit theft, break and enter a building, without the effective consent of Ralph Olmsted, the owner...." The word "break" should be construed as implying that the building was not then open to the public.

There was no motion to quash the indictment.

This Court has never before held that the omission of the phrase in question constituted a fundamental defect. The cases cited by the majority are not in point. *Day v. State*, 532 S.W.2d 302 (Tex.Cr.App.1975), was addressed to the issue of whether criminal trespass constituted a lesser included

---

1. Not only is "breaking" no longer an ingredient of burglary, but also no meaning of the word given in my dictionary carries the slightest connotation that the building "broken and entered" was then and there closed to the public, or not open to it.

2. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

3. According to V.T.C.A. Penal Code, § 1.07(a)(8), " 'Conduct' means an act or omission and its accompanying mental state."

offense of burglary. *Garcia v. State*, 571 S.W.2d 896 (Tex.Cr.App.1978), covered the amending of a motion to revoke probation from burglary to theft. Thus, this Court, without examining the consequences of its decision and without citing any authority to support its position, charts new law in the area of fundamental indictment defects.

The judgment should not be reversed.