Everette Paul McDONALD, Appellant,

v.

The STATE of Texas, State.

No. 2–81–087–CR.

Court of Appeals of Texas, Fort Worth.

March 31, 1982.

Donald F. McNiel, II, Stephenville, Dan B. Grissom, Granbury, for appellant.

Wayne Hughes, Dist. Atty., Granbury, for the State.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

## OPINION

HUGHES, Justice.

The appellant, Everette Paul McDonald, was found guilty of murdering his one-year old stepdaughter, Fannie Fay Elledge. A jury assessed his punishment at life imprisonment.

We affirm the judgment of the trial court.

The appellant's fifth ground of error is that the trial court erred in admitting into evidence appellant's confession to his having beaten the child on the date in question.

Before trial, a *Jackson v. Denno* hearing was conducted for the purpose of allowing the trial court to make a determination as to the voluntariness of the statements made by the appellant. See also: V.A.C.C.P. art. 38.22 (1979).

At the hearing, the officer who took the appellant's statements, David Ward, testified that the appellant, at the time of the making of the statements, had his faculties about him and that the following events

transpired. He advised the appellant of his rights and appellant, within acknowledged understanding of these rights, signed a waiver. Appellant was asked about the events that had taken place. Appellant voluntarily, without coercion or persuasion, made a statement and Ward·typed it up. After reading the statement appellant signed it, acknowledging that it was true and correct.

After taking this first statement, Ward compared it to a statement taken from the appellant's wife. Ward then reinterviewed the appellant about some inconsistencies. The appellant acknowledged that his initial statement was not the complete truth. Appellant then, without coercion or persuasion, made a second statement which was typed by Ward. Appellant read this statement, acknowledged it was true and correct, and signed it.

The State also called, as a witness, the Justice of the Peace who arraigned the appellant. The Justice of the Peace testified that she asked the appellant if he had given the statements voluntarily and the appellant replied that he had.

At the hearing the appellant took the stand and testified to the following. He did not understand his rights as they were read to him. Ward yelled at him for having lied in his first statement. He did not make any of the confessions found in his second statement but was ordered to sign it after Ward had fabricated it. He had not read the untrue contents of the second statement when he signed it.

Following the hearing, the trial court found that the appellant had voluntarily made the statement. The testimony presented on the part of the State sustains the trial court's finding. The trial court is the sole judge of the weight of the testimony and the credibility of the witnesses at a *Jackson v. Denno* hearing. *English v. State*, 592 S.W.2d 949 (Tex.Cr.App.1980, cert. den. 449 U.S. 891, 101 S.Ct. 254, 66 L.Ed.2d 120). We overrule the fifth ground of error.

In a supplemental brief the appellant contends that the trial court erred in admitting into evidence the second extraneous statement obtained from appellant because he was not taken before a magistrate of the county without unnecessary delay as is required by V.A.C.C.P. art. 15.17 (Supp. 1982). Absent a showing of a causal connection between the failure to take an accused before a magistrate and the accused's confession, the validity of the accused's confession is not affected. *Von Byrd v. State*, 569 S.W.2d 883 (Tex.Cr.App.1978, cert. den. 444 U.S. 888, 100 S.Ct. 190, 62 L.Ed.2d 123). We find no indication of such a causal connection. The ground of error is overruled.

The sixth ground of error is that the trial court erred in failing to submit to the jury the issue of the voluntariness of the second statement made by the appellant.

Before the jury, the State presented virtually the same testimony through the same witnesses it had called at the *Jackson v. Denno* hearing. The appellant produced no evidence that the statements were made involuntarily. The appellant took the State's witnesses on cross-examination and by leading questions attempted to imply before the jury that the statements were involuntary. However, the State's witnesses made no responses which would have indicated that the statements were involuntary nor which would have actually put voluntariness into issue. Evidence presented by the State in anticipation of an attack on the voluntariness of a confession does not put voluntariness in issue. Only when some evidence is presented that a confession is not voluntary is the matter put in issue. *Brooks v. State*, 567 S.W.2d 2 (Tex. Cr.App.1978).

In his first two grounds of error the appellant contends that the trial court erred in refusing appellant's requests that the jury be instructed as to the definition of and the law as it pertains to circumstantial evidence.

The appellant's second statement reads as follows:

My name is Everette Paul McDonald. I have already given one (1) statement, some of which is untrue. I wish to add, that I have been trying to teach Fanny Elledge to walk for over a month. On Thursday, September 21, 1979, Fanny got fussy and cried while I was trying to teach her to walk. I got mad and hit her on the head and stomach with my hand. She started screaming and I got madder and I really don't recall how many times I hit Fanny or if I used my hand or fist or not. I do recall having her in the bathroom, and breathing into her mouth because she quit breathing. I recall my wife coming in then. I have a very bad temper, and my wife has fussed at me before for hitting Fanny too hard when she wouldn't learn to walk. I didn't want to admit that I killed Fanny when I said that she had a fit and I only hit her to get her to come out of it. She only quit breathing yesterday after I had gotten so mad and hit her. All I wanted Fanny to learn to walk like she should.

A pathologist who performed an autopsy on Fannie Fay on September 21, 1979, testified that the baby's body had an incredible number of bruises. These bruises were of such a nature as would result from an assault. The pathologist further testified that the cause of the child's death was a severe head injury. This head injury was stated to have probably occurred within six hours before death with twenty-four hours before death being the absolute outside limit. The type of head injury sustained by the child was the kind which occurs in a child abuse case where a child is picked up and slammed down so that its head comes to rest very rapidly against a fixed object.

In his first statement the appellant said: "Fannie has not been left with anyone other than Pearline or my self for at least a week, and maybe as much as two weeks. Absolutely no one else could have done anything to make her die."

The evidence in this case, taken as a whole is direct, not circumstantial. See: *Ales v. State*, 587 S.W.2d 686 (Tex.Cr.App. 1979). No instructions on circumstantial

evidence were required. We overrule the first two grounds of error.

Appellant's third and fourth grounds of error are somewhat related in that they both go to the trial court's alleged error in refusing to instruct the jury as to lesser included offenses.

■ The appellant only requested an instruction on the lesser included offense of voluntary manslaughter. This being the case, the trial court committed no error in not including instructions as to involuntary manslaughter and assault in the charge to the jury. V.A.C.C.P. art. 36.15 (1981). We overrule the third ground of error.

■ We likewise overrule the fourth ground of error in which it is asserted that the trial court committed error in failing to instruct the jury on the law of voluntary manslaughter. A charge on voluntary manslaughter is mandatory only when there is evidence that the defendant acted under the immediate influence of sudden passion arising from an adequate cause. *Luck v. State*, 588 S.W.2d 371 (Tex.Cr.App. 1979, cert. den. 446 U.S. 944, 100 S.Ct. 2171, 64 L.Ed.2d 799). There is no evidence in the record that the appellant's actions were predicated upon an adequate cause. V.T.C. A.Penal Code sec. 19.04 (1974).

The judgment of the trial court is affirmed.