**Paul Edward WALLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 67758.

Court of Criminal Appeals of Texas, En Banc.

Feb. 2, 1983.

On Rehearing April 13, 1983.

Joseph A. Sterle, Texarkana, for appellant.

Louis J. Raffaelli, Dist. Atty. and Rodney D. McDaniel and David W. Malaby, Jr., Asst. Dist. Attys., Texarkana, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of burglary of a building; V.T.C.A. Penal Code, Section 30.02; the punishment is imprisonment for 10 years.

V.T.C.A. Penal Code, Section 30.02(a)(1) provides:

"A person commits an offense if, without the effective consent of the owner, he: enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft,"

Although raised neither in the trial court nor on appeal, we are confronted with an indictment which is fundamentally defective under our holding in *Ex parte Prestridge*, 605 S.W.2d 922 (Tex.Cr.App.1980). In that case, in which there was a collateral attack on the judgment, we held that the indictment was fundamentally defective. It was there said:

"It is essential to the offense of burglary of a building that the building entered not be open to the public. . . . The indictment is fundamentally defective for failing to allege that the building entered was not then open to the public. Compare *Garza v. State*, 522 S.W.2d 693 (Tex. Cr.App.1975); *Johnson v. State*, 537 S.W.2d 16 (Tex.Cr.App.1976)."

In the indictment in the instant case it is alleged the appellant on or about September 27, 1979: "did unlawfully intentionally and knowingly enter a building without the effective consent of Ethel Phillips, the owner, and therein attempted to commit and committed theft," The indictment does not allege that the building was not open to the public, a necessary element of the offense of burglary of a building. Since the indict-

ment does not allege an element of the offense it is fatally defective and reversal is required. *Ex parte Prestridge,* supra; cf. *Allison v. State,* 618 S.W.2d 763 (Tex.Cr. App.1981).

The judgment is reversed and the indictment is ordered dismissed.

Opinion approved by the court.

## OPINION ON COURT'S OWN MOTION FOR REHEARING

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for burglary of a building. Punishment was assessed by the jury at ten years.

 This cause has been resubmitted on the Court's motion in light of the holding on original submission that the indictment was fatally defective in that it failed to "allege that the building was not open to the public, a necessary element of the offense of burglary of a building."

V.T.C.A. Penal Code, Sec. 30.02 "Burglary" provides in pertinent part:

"(a) A person commits an offense if, without the effective consent of the owner, he:

"(1) *enters* a habitation, or a building (or any portion of a building) not then open to the public, *with intent to commit a felony or theft;* or

"(2) remains concealed, with intent to commit a felony or theft, in a building or habitation; or

"(3) *enters* a building or habitation *and commits or attempts to commit* a felony or theft." (Emphasis supplied.)

The indictment in the instant case provides in pertinent part that appellant on or about September 27, 1979 did unlawfully:

"intentionally and knowingly enter a building without the effective consent of Ethel Phillips, the owner, and therein attempted to commit and committed theft."

Sec. 30.02(a)(1), supra requires that in an indictment where one enters a building

"with intent to commit a felony or theft" there must be an averment that the building was "not then open to the public." Where the alleged offenses occur under Sec. 30.02(a)(2) and (a)(3), supra, no such averment is necessary. The Practice Commentary following this Section notes that while Sec. 30.02(a)(1) requires that entry be made with intent to commit a crime under Sec. 30.02(a)(2), no such intent must be proved at time of entry. The indictment in the instant case alleges entry without the effective consent of the owner and an attempt and commission of theft in conformity to Sec. 30.02(a)(3). Therefore it was not necessary for the indictment to contain an averment that the building "was not then open to the public."

In *Ex parte Prestridge,* 605 S.W.2d 922 (Tex.Cr.App.1980) it was stated "It is essential to the offense of burglary of a building that the building entered not be open to the public" in holding that the indictment there was fundamentally defective. The indictment in *Prestridge* was under Sec. 30.-02(a)(1) and was defective for its omission of the essential element that the building was not open to the public.[1] Insofar as *Prestridge* or any other cases by this Court may be construed as holding that prosecutions under Sec. 30.02(a)(2) and (3), supra must include the averment that the building entered was not open to the public, they are overruled.

In two grounds of error appellant complains of the trial court's action in denying his motion to suppress his "admission leading to the fruits of the crime" and the overruling of a motion to suppress evidence obtained as the result of such admission.

After a warrant for the arrest of appellant was issued in Texarkana, Officer Sharpe of that city's police department secured the assistance of two Texarkana, Arkansas opolice officers to arrest appellant at the apartment of an Ada Faucett at the Bramble Courts in their city. Sharpe ac-

---

1. In a concurring opinion in *Ex parte Prestridge,* supra, the distinguishing characteristics of the first and third mode of committing bur-

glary under Sec. 30.02(a), supra were pointed out.

companied the officers and testified that upon appellant's arrest he read him his *Miranda* rights and in response to his questioning appellant stated that he understood them. Sharpe had earlier received information that items taken in the burglary were located at Faucett's apartment and he asked her permission to search the apartment. Faucett declined, and while Sharpe was discussing the possibility of getting a search warrant with the Arkansas officers, appellant interrupted the conversation and told Sharpe he wanted to talk to him. Appellant told Sharpe that Faucett had nothing to do with the burglary, that items that were taken in the burglary were at his sister's house and that he would take the officers to that location. Appellant was taken to the Texarkana, Arkansas Police Department where he was again advised of his *Miranda* rights. Appellant then called his sister and told her he had put a box of items underneath a bed in a back bedroom and that she was to give the items to the officers. Appellant then told the officers to go to "29 Ferguson, Texarkana, Arkansas." Upon arrival at this address a woman came to the door with a box containing a typewriter, radio and other items which were later identified by the victim of the burglary.

Contrary to Sharpe's version, appellant calls our attention to his testimony that he was not given the *Miranda* warning when he was arrested. Appellant further complains that he was not taken before a magistrate as required by Art. 15.17, V.A.C.C.P.

Absent a showing of a causal connection between a failure to take an accused before a magistrate and the accused's confession, the validity of a confession is not affected. *McDonald v. State*, 631 S.W.2d 237 (Tex.App.1982); *Maloy v. State*, 582 S.W.2d 125 (Tex.Cr.App.1979); *Von Byrd v. State*, 569 S.W.2d 883 (Tex.Cr.App. 1978). Insofar as there is a conflict in the testimony regarding the giving of the *Miranda* warning, it must be remembered that the judge at a hearing to determine the voluntariness of a confession is the sole judge of the weight and credibility of the

witnesses. He may choose to believe or disbelieve all or any part of any witness' testimony. *Myre v. State*, 545 S.W.2d 820 (Tex.Cr.App.1977); *Simmons v. State*, 504 S.W.2d 465 (Tex.Cr.App.1974). The trial court made extensive findings of fact and conclusions of law following the hearing on the motion to suppress. Among them was a finding that appellant was given his *Miranda* warnings upon arrest. We find there is ample evidence to support this as well as other findings by the court.

■ Appellant appears to further complain that the statement was inadmissible because Sharpe, the person to whom the confession was made, was not an Arkansas officer and was therefore unauthorized to give him the *Miranda* warning in that state. Art. 38.22, Sec. 2(a), V.A.C.C.P. provides that the accused shall receive the warning provided for in Art. 15.17, supra, from a magistrate or "from the person to whom the statement is made." We find no merit in appellant's argument.

We find the oral statement made by appellant contained assertions of facts that were found to be true and which conduced to establish the guilt of the appellant. See Art. 38.22, Sec. 3(c), supra. No error is shown in the court's action in overruling appellant's motions to suppress his confession and the items recovered as the result of same.

■ Appellant contends the court erred in failing to suppress the identification testimony of a witness.

At a hearing on appellant's motion outside of the presence of the jury it was developed that Barrtett Marshall cashed a check at the Piggly Wiggly store where he was manager that was determined to have been taken in the burglary in question. He identified appellant's picture in a photographic spread provided by police as the person who passed the check and later identified appellant at trial as the person who gave him the check.

Appellant complains that there were only five photographs in the spread and that the general physical characteristics of the per-

sons in the other photographs were different from those of appellant.

At the hearing Marshall testified that he immediately recognized appellant in the photographic spread. He said the transaction was "fresh on my mind" when he picked appellant from the photographic spread and testified in detail how he was able to remember appellant from having seen him in the store. He related that he had a conversation with appellant and they talked in some detail about the products appellant was buying. He had an opportunity to observe appellant eight or ten minutes.

When a witness' ability to make an in-court identification has an origin independent of an alleged improper pre-trial identification procedure, such testimony is admissible at trial. *Thomas v. State,* 605 S.W.2d 290 (Tex.Cr.App.1980); *Komurke v. State,* 562 S.W.2d 230 (Tex.Cr.App.1978). Marshall's testimony shows that his ability to identify appellant as the person who passed the check taken from the burglarized premises was based upon his observations at the time he received the check. The evidence supports the conclusion that Marshall's identification had an origin independent of the complained of lineup.

By way of pro se brief appellant complains of the inclusion in the court's charge of elements of the offense of burglary which are necessary to be proved under Sec. 30.02(a)(1), supra. No objection was voiced to the court's charge at trial. We find no fundamental error by virtue of the court's charge placing the additional burden on the State of proving that the building was not open to the public and that entry was made with intent to commit a felony or theft.

The judgment is affirmed.