Tommy Lee **BARTLEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. **05–89–00043–CR.**

Court of Appeals of Texas,
Dallas.

Feb. 22, 1990.

---

Blake Withrow, Dallas, for appellant.

Patricia Poppoff Noble, Dallas, for appellee.

Before McCLUNG, LAGARDE and OVARD, JJ.

## OPINION ON REHEARING

LAGARDE, Justice.

Appellant's motion for rehearing is granted. Our opinion erroneously dated January 10, 1989, is withdrawn. The following is now our opinion.

Tommy Lee Bartley appeals his conviction by the court for burglary of a building, enhanced by prior convictions, which resulted in a life sentence. Appellant raises four points of error. Two relate to the purportedly amended indictment, and two contend that insufficient evidence exists to support his conviction. For the reasons articulated below, we overrule appellant's points of error and affirm.

Tony Max Davis testified that he owned a business called BLT Landscape and that he formerly employed appellant. Davis stated that his business owned a number of lawnmowers and weedeaters which were stored on the premises in a building and that a padlocked chain link fence surrounded the entire premises. Davis habitually arrived at work at 7:00 a.m., and the lawn crews arrived by 7:30 a.m. He testified that on August 16, 1988, at 6:30 a.m., he received a call from the police concerning a break-in at BLT Landscaping. When he arrived, the chain link gate was cut and pulled to the ground. He testified that he did not give appellant permission to break into or enter the premises or the lawn equipment shed. On cross-examination, Davis reiterated that the structure was a building and not a habitation.

Officer Christopher E. Allen, a Dallas police officer, testified that on the morning in question he was patrolling the area when he saw two suspects pull down the metal gate in front of BLT Landscape. Officer Allen said that he then saw the two suspects, one of whom was appellant, enter the building. The officer stated that a car was parked in front of the building with the trunk facing the building. A search of the vehicle revealed a hacksaw. Officer Allen testified that he could not remember whether he found anything else in the car or whether the trunk was open or closed. Nothing appeared to have been taken from the premises. On redirect, Officer Allen

testified that he saw appellant completely enter the building, which was full of equipment.

Appellant testified that he did not intend to burglarize the building. He had taken his friend out to see Davis in hopes that his friend could secure employment. Appellant said that his friend had just left his wife and that the car was filled with his friend's personal belongings. Appellant stated that the work crews generally left the premises at 7:00 a.m., so he arrived with his friend sometime after 6:00 a.m. When the two arrived, they found the gate already pulled down. Fearing that someone had broken in, appellant and his friend went inside the gate to ascertain the situation. Appellant stated that his friend entered the building, but that he did not. On cross-examination, he admitted to holding the building door open, and he also acknowledged that a hacksaw was in the car. Appellant steadfastly maintained that no equipment was inside the shed.

■ In his first point of error, appellant asserts that the amended indictment is fundamentally defective in that it fails to allege every element of burglary of a building.[1] In his fourth point, appellant states that the court erred in overruling his objection to the amendment. Because the State contends that no amendment occurred, we will examine these points together.

Appellant was charged with burglary of a habitation under section 30.02 of the Texas Penal Code, which reads, in pertinent part:

(a) A person commits an offense if, without the effective consent of the owner, he:

(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft ...

The record reveals that at appellant's arraignment, the State moved to have the indictment amended to reflect burglary of a building, instead of a habitation. The statement of facts shows the following exchange:

MS. DOOLIN: Your Honor, at this time the State would ask leave to amend the indictment.

THE COURT: And the amendment that you are requesting is what?

MS. DOOLIN: To reflect a building.

MR. JONES: We object, Your Honor.

THE COURT: Instead of what?

MS. DOOLIN: A habitation, Your Honor. The indictment is incorrect, and I apologize to the Court for any inconvenience that that might cause.

THE COURT: All right. The motion is granted, and the indictment is amended from habitation to a building.

The indictment reads: "[that the appellant did] knowingly and intentionally enter a habitation without the effective consent of TONY DAVIS, the owner thereof, with the intent to commit theft...." No interlineation appears on the indictment to note a change from habitation to building, nor does the transcript contain any other indictment than the one previously quoted. The judgment states that appellant was convicted of burglary of a building. The docket sheet contains two notations, one listing the offense as burglary of a habitation, the other listing the offense as, "burglary of a building as included in the indictment."

■ Recently, this Court has held that amendment to a charging instrument takes effect when some written notation or interlineation appears on the instrument and not when the trial court simply grants the motion to amend. *Rent v. State,* 771 S.W.2d 723, 727 (Tex.App.—Dallas 1989, pet. granted). *Rent* dealt with the issue of when a defendant has notice that an information has been amended. In that case, the State filed a formal motion to amend,

---

1. Appellant assumes that the indictment was amended to allege burglary of a building and became defective because it did not allege that the building was "not then open to the public." *See* TEX.PENAL CODE ANN. § 30.02(a)(1) (Vernon 1974). This allegation is an essential part of the indictment under section 30.02(a)(1) when the indictment alleges burglary of a building, though it is not necessary when alleging an offense under sections 30.02(a)(2) and (a)(3). *Waller v. State,* 648 S.W.2d 308, 310 (Tex.Crim. App.1983) (overruling *Ex parte Prestridge,* 605 S.W.2d 922 (Tex.Crim.App.1980) to the extent of conflict).

and the trial court then granted the motion without stating the substance of the amendment in its order. Later, the information was interlined to reflect the amendment. This Court stated that, "[a] defendant would not have notice of the amended charges against him unless the trial court's order set out the substance of the amendment or until the indictment itself was physically changed." *Id.* Based on the *Rent* analysis, we hold that an amendment does not become effective until the charging instrument is physically altered to reflect the charge, as amended, or until some formal order memorializing the substance of the amendment appears in the record. *See Reyes v. State*, 647 S.W.2d 255, 256 (Tex.Crim.App.1983) (holding that in a jurisdictional dispute, absent a final order or transcript in the record, nothing is preserved for review). Appellant's assertion that the trial court granted the amendment is unsupported by the record and so we cannot accept it as fact or consider it on appeal. *See id.* We hold that the indictment charging appellant with burglary of a habitation was not amended to reflect burglary of a building; therefore, we need not consider the merits of points one and four which complain of the amendment, but, rather, we overrule them as moot in light of our holding that no amendment legally occurred. Points of error one and four are overruled.

■ We note that appellant stands charged with burglary of a habitation, but was convicted of burglary of a building. In order to confer jurisdiction upon a trial court, the indictment must allege that the accused committed an offense. *Milam v. State*, 742 S.W.2d 810, 814 (Tex.Civ.App.— Dallas 1987, pet. granted). Further, the charging instrument must allege the same offense upon which the accused is convicted. *Hobbs v. State*, 548 S.W.2d 884, 886–87 (Tex.Crim.App.1977). Failure to do so constitutes a nonwaivable fundamental error. *Id.*[2] Other irregularities or defects which do not rise to the level of fundamental error are waived unless the accused objects

and preserves error. *Milam*, 742 S.W.2d at 814–15 (citing Tex.Code Crim.Proc.Ann. art. 1.14(b) (Vernon 1987)). In the case at hand, the previously quoted arraignment dialogue discloses that the appellant did object; however, the objection was not sufficiently specific to preserve error. *See Jones v. State*, 672 S.W.2d 798, 799–800 (Tex.Crim.App.1984). Further, appellant did not obtain an adverse ruling on his objection and thereby failed to preserve error on that basis as well. *Evans v. State*, 622 S.W.2d 866, 871 (Tex.Crim.App. 1981). Appellant did not object to the original indictment, nor did he file a motion to quash the original indictment. On appeal, he does not raise any point of error concerning the indictment for burglary of a habitation.

■ Appellant has waived all but fundamental error, and we must decide whether the discrepancies between the indictment and the judgment constitute reversible error. The Court of Criminal Appeals has held that burglary of a building stands as a lesser-included offense of burglary of a habitation where the proof demonstrates an enclosed structure. *Jones v. State*, 532 S.W.2d 596, 601 (Tex.Crim.App.1976), *overruled on other grounds, Moss v. State*, 574 S.W.2d 542, 545 (Tex.Crim.App.1978), *also overruled on other grounds, Blankenship v. State*, 780 S.W.2d 198, 209–10 (Tex.Crim. App.1989). In a subsequent case, the Court of Criminal Appeals held that although the evidence could not demonstrate burglary of a habitation, the evidence was sufficient to support burglary of a building. *Moss v. State*, 574 S.W.2d 542, 545 (Tex.Crim.App. [Panel Op.] 1978), *overruled on other grounds, Garrett v. State*, 749 S.W.2d 784, 794 (Tex.Crim.App.1986) (noting that retrial would be necessary on the burglary of a building offense where the appellant was convicted of burglary of a habitation). Here, appellant was convicted of burglary of a building; the indictment charged him with burglary of a habitation, which includes the lesser offense of

---

**2.** We note, however, that conviction of an offense properly included within a charged offense does not constitute fundamental error. See discussion *infra.*

burglary of a building.[3] Officer Allen's testimony established an enclosed structure. The judgment reflects that appellant was adjudged guilty of burglary of a building, which, under the facts of this case, was a lesser-included offense of the charged offense of burglary of a habitation. We hold that the discrepancy between the indictment and the judgment is not fundamental and that any objection was waived when appellant did not properly object or otherwise preserve error.

■ In appellant's second and third points of error, he complains that the judgment cannot be supported because insufficient evidence exists to show intent and because the evidence fails to eliminate other reasonable explanations for appellant's conduct. The evidence shows that Officer Allen saw appellant pull down the fence and step onto the premises. Officer Allen testified that appellant stepped completely inside the equipment shed, which was filled with lawn care tools. Appellant admitted that the car contained a hacksaw. Appellant was apprehended by the police at 6:30 a.m., and the owner testified that he normally arrived at work at 7:00 a.m. Appellant had been employed by the owner and had opportunity to observe the routine of the business. Appellant denied that he intended to burglarize the premises and stated that since the work crews left at 7:00 a.m., he arrived before this time. He stated that he did not pull down the chain-link fence and only stepped onto the property to investigate an apparent theft. He said that he did not step inside the shed.

Because the appellant has challenged the sufficiency of the evidence, we will examine the evidence in the light most favorable to the verdict to determine whether any rational trier-of-fact could have found the essential elements of the offense beyond a reasonable doubt. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). This standard of review holds true for both direct and circumstantial evidence. *Carlsen v. State*, 654 S.W.2d 444, 449 (Tex. Crim.App.1983). Still, a conviction based on circumstantial evidence cannot be sustained unless the evidence excludes every reasonable hypothesis except the guilt of the accused. *Vaughn v. State*, 607 S.W.2d 914, 921 (Tex.Crim.App.1980). Proof amounting only to a strong suspicion is insufficient. *Id.* Nevertheless, every fact need not point directly and independently to the defendant's guilt; a conclusion of guilty can rest on the combined and cumulative force of all incriminating circumstances. *Vanderbilt v. State*, 629 S.W.2d 709, 716 (Tex.Crim.App.1981), *cert. denied*, 456 U.S. 910, 102 S.Ct. 1760, 72 L.Ed.2d 169 (1982). Intent to commit theft can be inferred from the circumstances. *Warren v. State*, 641 S.W.2d 579, 582 (Tex.App.—Dallas 1982), *pet. ref'd per curiam*, 652 S.W.2d 779 (Tex.Crim.App.1983). Based on our review of the evidence, we hold that a reasonable trier-of-fact could have found that appellant entered the building with the

---

**3.** In a recent case, the Court of Criminal Appeals has redefined the test used to determine whether a burglarized structure is a building or a habitation. *Blankenship v. State*, 780 S.W.2d 198, 209–10 (Tex.Crim.App.1989). *Blankenship* overrules *Jones* to the extent of conflict; *Jones* is the case that states that burglary of a habitation includes the offense of burglary of a building where the proof demonstrates an enclosed structure. The Court states that in regards to the factual determination of building or habitation:

> The determination whether a burglarized place is a "building" or "habitation" will be overturned on appeal only if the appellant can show that no reasonable trier of fact could have found the place to have been a habitation under the criteria above. The majority

in *Jones* erred by stepping into the jury box and assuming the role of substitute subjective factfinder.

*Id.*

We read *Blankenship* as stating that when the factfinder has made a determination as to the type of structure, the appellate court may not engage in a *de novo* reweighing of the evidence to redetermine the fact. Since the factfinder in this case could reasonably find all facts necessary to uphold the conviction of burglary of a building, this finding will not be disturbed on appeal. Nowhere in the *Blankenship* opinion does the Court state or imply that burglary of a building is not a lesser-included offense of burglary of a habitation. Therefore, we hold that *Jones* does not conflict with *Blankenship* on this point.

intent to steal.[4] *See Macias v. State*, 704 S.W.2d 484, 485–86 (Tex.App.—Houston [14th Dist.] 1986, no pet.) (holes cut in the roof and cutting tools found near the holes are two circumstances supporting intent); *LaPoint v. State*, 750 S.W.2d 180, 192–93 (Tex.Crim.App.1986) (police officer witnessing the appellant enter the store during its closed hours is supportive of burglarious intent).

We also conclude that appellant's conviction can be upheld despite his own testimony about his actions and intent. When a conviction rests on circumstantial evidence, that evidence must exclude every reasonable hypothesis raised by the evidence except the accused's guilt. A reasonable hypothesis can be based on the accused's tenable explanation of the events, which must then be disproved by the State to secure a conviction. *See Marmon v. State*, 704 S.W.2d 90, 91 (Tex.App.—Dallas 1985, pet. ref'd). The trier-of-fact here, the trial court, judged the credibility of the witnesses, including appellant's credibility. *See Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim.App.1986), *cert. denied*, —— U.S. ——, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). The trial court was free to believe or not believe all or any portion of appellant's testimony. *Id.* Assuming, without deciding, that appellant's version of events rises to the level of a tenable explanation, we hold that the State adequately disproved it. Officer Allen stated that he saw appellant enter the building after appellant pulled down the fence. Appellant entered the building at a time when the owner, by his own testimony, was ordinarily not present. As a former employee, appellant had knowledge of the owner's routine of business. This directly contradicts appellant's testimony, which the trial court was not required to believe. A rational trier-of-fact could have found the essential elements of the offense of burglary of a building beyond a reasonable doubt, despite appellant's testimony.

Appellant's second and third points of error are overruled.

Appellant's conviction is affirmed.

---

4. Appellant and the State spent a great deal of time arguing about whether appellant entered the building before sunrise, apparently on the mistaken belief that the requisite intent can be presumed from an entry at nighttime. Entry at nighttime is a circumstance from which intent may be inferred, but it does not rise to the level of a legal, rebuttable presumption. *LaPoint v. State*, 750 S.W.2d 180, 182–83 (Tex.Crim.App. 1986). *Cf. Warren*, 641 S.W.2d at 582 (intent to commit theft may be inferred from circumstances of an unlawful entry after daybreak in the absence of a showing of any other intent).