lott 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-038-CR





TERRY LEE LOTT,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT



NO. 6809, HONORABLE CLAYTON E. EVANS, JUDGE PRESIDING



 





 Terry Lee Lott was convicted of aggravated sexual assault of a child and sentenced
to ninety-nine years imprisonment. On appeal Lott claims that the trial court erred in failing to
grant his motion to suppress his in-court identification by the victim, and by failing to instruct the
jury on the question of the voluntariness of his statement to the police. We will affirm the
judgment of conviction.



THE CONTROVERSY


 A jury convicted Lott of aggravated sexual assault of a child. Tex. Penal Code
Ann. § 22.021 (1989). The evidence revealed that he abducted a sixteen-year-old girl and over
the course of several hours raped her three times.

 Before trial the victim made three identifications of her assailant. With the help
of a police officer she created a composite sketch of the assailant, picked a photograph of the
defendant out of a photographic lineup, and after his arrest, she identified Lott as her assailant in
a one-on-one encounter or "showup."

 Also after his arrest, Lott waived his rights to remain silent, to obtain counsel, and
to have that counsel present at the time of his questioning. He then gave a statement admitting
several elements of the crime.



DISCUSSION


I. IDENTIFICATION

 Lott's first point of error alleges that the use of the showup procedure was
impermissibly suggestive. This procedure involved allowing the victim to view the accused one-on-one and not as a part of a police lineup. After the victim identified Lott's picture as that of
her assailant, the police brought him to the station, where the victim, sitting in another patrol car,
had a clear view of Lott as he emerged from the car and went into the building. Upon seeing him
in person, the victim identified Lott as her assailant.

 Although such one-on-one, or showup, procedures are generally frowned upon as
being too suggestive, the dispositive question of "whether the identification was so 'impermissibly
suggestive as to give rise to a very substantial likelihood of irreparable misidentification,'" must
be determined from the totality of the circumstances. Jackson v. State, 657 S.W.2d 123, 127
(Tex. Crim. App. 1983) (quoting Simmons v. United States, 390 U.S. 377 (1968)).

 Given the existence of suggestive pretrial identification procedures, the factors for
evaluating the admissability of an in-court identification are:



(1) the opportunity of the witness to view the criminal at the time of the crime;


(2) the witness' degree of attention;


(3) the accuracy of the witness' prior description of the criminal;


(4) the level of certainty demonstrated by the witness at the confrontation; and


(5) the length of time between the crime and the confrontation.



Neil v. Biggers, 409 U.S. 188, 199 (1975) (cited in Jackson v. State, 657 S.W.2d at 129).

Applying these factors to this case, the victim here had ample opportunity to view her assailant
during the abduction and the three rapes. Also, by the very nature of the crime, the attention of
the victim would have been drawn to her attacker.

 The fact that the victim helped to construct a sketch of her assailant, and picked
Lott's photograph out of a photographic lineup weighs against a finding of irreparable
misidentification stemming from the irregular showup procedure. A problem might arise if the
victim had chosen a photograph out of the lineup that was not of Lott, or had accepted a sketch
showing a scar on her assailant's face when Lott did not have a facial scar, but here she made no
such mistake.

 Additionally, the record reveals no evidence suggesting that the victim hesitated
in naming Lott as her attacker upon seeing him outside the police station. Finally, only three days
elapsed between the commission of the crime and the one-on-one identification. When examined
under the totality of the circumstances, particularly the length of time and the intimacy in which
the victim viewed her assailant, the likelihood of irreparable misidentification resulting from the
suggestive showup procedure is minimal.

 Lott also asserts that the police violated his right to counsel under the Sixth and
Fourteenth amendments to the United States Constitution when they conducted the showup before
he had an opportunity to obtain counsel. However, the right to counsel is not implicated when
an identification process is undertaken before the instigation of formal judicial proceedings. 
Barnhill v. State, 657 S.W.2d 131 (Tex. Crim. App. 1983) (citing Kirby v. Illinois, 406 U.S. 682,
688-689 (1972)). We therefore overrule Lott's first point of error.

II. VOLUNTARINESS OF STATEMENT

 In his second point of error, Lott argues that the trial court erred in refusing his
request for a defensive charge to the jury on the voluntariness of his statement to the police. 
Article 38.22 of the Texas Code of Criminal Procedure requires that: "When the issue is raised
by the evidence, the trial judge shall appropriately instruct the jury, generally, on the law
pertaining to such statement or confession." Tex. Code Crim. Proc. Ann. art. 38.22 (1992).

 The question in this case is whether there exists any evidence in the record that
raises the issue of the voluntariness of the statement. The strength or weakness of that evidence
is not relevant to this determination. Montgomery v. State, 588 S.W.2d 950 (Tex. Crim. App.
1979).

 Lott first suggests that the evidence introduced in the Jackson v. Denno hearing,
held to determine the admissability of certain evidence, raises the issue of voluntariness. A
Jackson v. Denno hearing, however, is held outside the presence of the trial jury, and therefore
cannot serve to raise an issue for that jury to decide. Brooks v. State, 567 S.W.2d 2, 3 (Tex.
Crim. App. 1978).

 Lott also points to the cross-examination and re-direct of Officer Mark Whitacre. 
Both the defense counsel and the prosecutor asked Officer Whitacre about a psychological
examination which concluded that Lott operationally had the mind of a twelve year old.

 But even if this report was accurate and introduced as evidence before the jury, it
alone cannot raise the issue of voluntariness. The simple fact of mental impairment does not
suggest the involuntariness of the statement absent evidence showing that the police used some
undue pressure or manipulative procedure to illicit the statement. Officer Whitacre's testimony
revealed no such improprieties in the method used in taking Lott's statement.

 The State's examination of Officer Whitacre elicited only responses which support
the voluntary nature of the statement, and supportive statements do not require submission of a
special charge. Brooks, 567 S.W.2d at 3. Neither did the defense counsel's cross-examination
of Officer Whitacre raise the issue of voluntariness. Although the defense counsel asked some
rather leading questions, Officer Whitacre's answers still contained no hint of improprieties, and
the leading questions themselves cannot raise the issue. McDonald v. State, 631 S.W.2d 237, 239
(Tex. App. 1982, no writ).

 The record reveals no evidence which raises the question of the voluntariness of
Lott's statement. Thus, the trial judge acted correctly in not instructing the jury on the issue of
voluntariness. Accordingly, we overrule Lott's second point of error and affirm the judgment of
conviction.



 

 Jimmy Carroll, Chief Justice

[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: April 8, 1992

[Do Not Publish]