NUMBER 13-00-034-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


_________________________________________________________ 


CHRISTOPHER DEON JOHNSON
, Appellant,


v.



THE STATE OF TEXAS, Appellee.

__________________________________________________________ 


On appeal from the 185th District Court


of Harris County, Texas.


___________________________________________________________ 


O P I N I O N



Before Justices Hinojosa, Chavez and Rodriguez



Opinion by Justice Chavez


 Appellant Christopher Deon Johnson pleaded not guilty to the
felony offense of aggravated assault. After a jury found him guilty, the
trial court assessed the appellant's punishment at twenty years
imprisonment. Appellant raises one issue on appeal. We affirm.

 The State presented Nathaniel Thomas as its sole witness to the
crime. Thomas testified that, as he was standing on a street corner in
Houston, he observed a Lexus automobile come around the corner. He
saw a person firing a gun out of the sun roof of the car, and heard four
to six shots. Thomas attempted to hide, but was struck by a bullet in
the leg. Houston police officers recovered three shell casings from the
street. A firearms expert matched the shell casings to a stolen gun
recovered from the house where appellant was arrested.

 Appellant argues that the trial court erred by allowing the State to
introduce into evidence a prejudicial photo array out of which Thomas
identified appellant before the trial. We review this type of ruling
according to an abuse of discretion standard or review. Loserth v.
State, 963 S.W.2d 770, 771 (Tex. Crim. App. 1998). In doing so, we
view the evidence in light most favorable to the trial court's ruling, and
give almost total deference to the trial court's ruling. Id; see Guzman
v. State, 955 S.W.2d 85 (Tex. Crim. App. 1997). 

 Appellant has the burden of proving by clear and convincing
evidence 1) that the pretrial identification was "impermissibly
suggestive," and 2) that there was a "substantial likelihood of
irreparable misidentification." Delk v. State, 855 S.W.2d 700, 706 (Tex.
Crim. App. 1993). The court must look at the totality of the
circumstances in determining the second step. Manson v. Brathwaite,
432 U.S. 98, 114 (1997); Cantu v. State, 738 S.W.2d 249, 252 (Tex.
Crim. App. 1987). This includes consideration of the following non-exclusive list of factors: 1) the opportunity of the witness to view the
criminal during the commission of the crime; 2) the witness's degree of
attention; 3) the accuracy of the witness's prior description of the
criminal; 4) the level of certainty demonstrated by the witness
confrontation during cross examination; and 5) the length of time
between the crime and the confrontation. Manson, 432 U.S. at 114-16. 


 Appellant complains that because it was dark outside, because
there were bright flashes from the firearm, because the events
happened very quickly, and since the witness testified that his focus
was on his own safety and health, Thomas could not get a good view
of the shooter. The State contends that each person in the photo array
was an African-American male with braided hair; Thomas picked out
appellant from the photo array; Thomas testified that he saw who was
in the car as it was coming down the street; Thomas named appellant
as the culprit before being taken to the hospital from the scene, and
Thomas knew who appellant was prior to the day of the shooting. 
Appellant's trial counsel argued that two of the six people in the photo
array were not African-American, and that the hair styles were
divergent among all six of the people. Further, some of the people
photographed had facial hair and earrings, while others did not.

 However, we need not look into these factors because Thomas's
identification of appellant was based on a set of facts separate from the
photo identification. If the appellate record in a criminal case reveals
constitutional error that is subject to harmless error review, this court
must determine beyond a reasonable doubt that the error did not
contribute to the conviction or punishment. Tex. R. App. P. 44.2(a). See
also Waller v. State, 648 S.W.2d 308, 312 (Tex. Crim. App. 1983)
(When an in-court identification is based upon knowledge independent
of any possible improper trial procedure, it is admissible.). Thomas
testified that he saw appellant two to three weeks after the shooting
when appellant approached him and asked him if he was the person
whom appellant had shot. This knowledge -- that the person who shot
Thomas was appellant -- is independent of the alleged impermissibly
suggestive photo array, and admissible against appellant. We therefore
overrule appellant's issue on appeal.

 We AFFIRM the judgement of the trial court. 

 

 

 

 MELCHOR CHAVEZ

 Justice


Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 27th day of July, 2000.