Charles Edward JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 62629.

Court of Criminal Appeals of Texas,
Panel No. 3.

June 9, 1982.

E. Stanley Topek, Houston, for appellant.

Carol S. Vance, Dist. Atty., Raymond E. Fuchs and Don Stricklin, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and TEAGUE, JJ.

## OPINION

**W. C. DAVIS, Judge.**

This is an appeal from a conviction of burglary of a habitation. Punishment, enhanced by a prior conviction, was assessed at 20 years confinement. The sufficiency of the evidence is not challenged.

■ The appellant in ground of error one contends that in 1971 the titled offense alleged in the enhancement count of the indictment did not exist, therefore, the said enhancement count is void.

In the instant case, the enhancement paragraph of the indictment charged in pertinent part:

"Before the commission of the offense alleged above, on March 19, 1971, in Cause No. 154680, in Harris County, Texas, the Defendant was convicted of the felony of Forgery of Charge Slips."

Article 979, Vernon's Ann.P.C. (1961), effective at the time of the 1971 conviction, provided:

"He is guilty of forgery who without lawful authority, and with intent to injure or defraud, shall make a false instrument in writing purporting to be the act of another, in such manner that the false instrument so made would (if the same were true) have created, increased, diminished, discharged or defeated any pecuniary obligation, or would have transferred, or in any manner have affected any property whatever."

It is clear from reading the preceding statute that forgery of a charge slip was an offense in 1971. See *Anderson v. State*, 445 S.W.2d 752 (Tex.Cr.App.1969) (forgery of a charge slip).

■ Further, we have frequently held that allegations of prior convictions should include the court in which the conviction was obtained, the time of the conviction and the nature of the offense. See *Hollins v. State*, 571 S.W.2d 873 (Tex.Cr.App.1978). The enhancement allegation in the instant

case correctly sets out all the preceding information. We overrule this ground of error.

■ In ground of error two appellant contends the trial court's charge is fundamentally defective because it fails to charge on all elements of the offense. The appellant argues that because the charge did not include the element "not then open to the public", it allowed the jury to convict without finding all the elements of the offense. See Section 30.02, V.T.C.A. Penal Code.

In the instant case the appellant was charged with burglary of a habitation pursuant to Section 30.02, supra. This Court has held that "not then open to the public" is not a necessary element of the offense of burglary of a habitation. See *Garza v. State*, 522 S.W.2d 693 (Tex.Cr.App.1975). We, therefore, find the instructions to the jury charged on all the necessary elements of the offense. We overrule this ground of error.

Ground of error three asserts the trial court erred by submitting a charge to the jury which varied from the indictment. The defense counsel made a written objection to this variance, thus, the issue is properly before us for review.

The indictment in pertinent part charged that the appellant did then and there unlawfully:

"with intent to commit theft, enter a habitation not then open to the public, owned by Mercie Thomas, hereafter styled the Complainant, without the effective consent of the Complainant."

The court's charge to the jury stated in pertinent part as follows:

"Now, if you believe from the evidence beyond a reasonable doubt... the Defendant, CHARLES EDWARD JACKSON... did enter a building then and there occupied, controlled and in the possession of MERCIE THOMAS, without the effective consent of said Mercie Thomas, and that such building was then and there an enclosed structure intended for use or occupation as a habitation and then and there in actual use by said Mer-

cie Thomas as a habitation, as that term has been defined, and that the Defendant, acting alone or together with another, at the time of said entry, if any there was, had the intent then and there to take and exercise control over the corporeal personal property therein being and owned and belonging to said Mercie Thomas, without the effective consent of said Mercie Thomas, with the intent to deprive Mercie Thomas of said property . . ."

The trial court's charge to the jury generally should correspond to the allegations in the indictment. See *Hardie v. State*, 588 S.W.2d 936 (Tex.Cr.App.1979); *Booker v. State*, 523 S.W.2d 413 (Tex.Cr. App.1975). In the instant case, however, "not then open to the public", is not a necessary element of burglary of a habitation under Sec. 30.02, V.T.C.A. Penal Code. See *Johnson v. State*, 537 S.W.2d 16 (Tex. Cr.App.1976); *Garza v. State*, supra. It was, therefore, unnecessary, for the State to allege "not then open to the public" in the indictment. The trial court properly excluded this surplusage from its charge to the jury. Cf. *Hardie v. State*, supra. This ground of error is overruled.

Ground of error four contends that the trial court erred, in applying the law to the facts, in the jury charge, by enumerating the elements of the intended theft.

A trial court is required to fully instruct the jury on the law applicable to the case and to apply that law to the facts presented. Article 36.14, Vernon's Ann.C. C.P.; *Rider v. State*, 567 S.W.2d 192 (Tex. Cr.App.1978). Further, the court must charge on all the essential elements of an offense. See *Zuckerman v. State*, 591 S.W.2d 495 (Tex.Cr.App.1979).

A review of the instant charge[1] reveals that the trial court correctly instructed the jury on all the essential elements of burglary of a habitation. Further, the elements of the intended theft were correctly set out in the charge. Although the better practice in instructing

the jury on the offense of burglary with intent to commit theft is for the court to define the term "theft" in its abstract charge and in applying the law to the facts, instruct the jury they may find the defendant guilty if they find beyond a reasonable doubt that at the time of the offense he had the intent to commit the offense of theft as defined therein, the trial court did not commit reversible error in overruling appellant's objection to the charge as given. See *Rider v. State*, supra; cf *Ex Parte Cannon*, 546 S.W.2d 266 (Tex.Cr.App.1977) (burglary indictment may set out the constituent elements of the intended theft or felony). We overrule this ground of error.

The judgment is affirmed.

---

1. The challenged jury charge is set out in our discussion of appellant's third ground of error.