**Frederick Vivileon CANADY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–84–00595–CR.**

Court of Appeals of Texas, Dallas.

March 11, 1985.

Russ Henrichs, Dallas, for appellant.

Leslie McFarlane, Dallas, for appellee.

Before SPARLING, WHITHAM and GUILLOT, JJ.

GUILLOT, Justice.

Frederick Vivileon Canady appeals a conviction for burglary of a habitation with intent to commit sexual assault. Punishment was assessed at confinement for fifty years in the Texas Department of Corrections. Canady asserts three grounds of error. We overrule all grounds and affirm.

Canady and the complaining witness, McCown, lived in the same lodge. McCown testified that Canady propositioned her on three separate occasions when she went to use the outside pay telephone at the lodge. She testified that she and her husband had temporarily separated and that she was home alone in her apartment when Canady knocked on her door. She opened the door a couple of inches and Canady, she said, came into the apartment without her consent.

Canady, allegedly, then made several verbal sexual advances. When McCown refused his advances, Canady knocked her off the chair she had been sitting on. McCown testified that when she fell to the floor, Canady straddled over her and told her, "I'm going to lay you." According to McCown, he threatened to blow her brains out and indicated he would hurt her. A neighbor, Harry Bright, testified that he heard commotion coming from the apartment of the complaining witness and could hear a female voice saying, "Oh no, no, no." Consequently, he knocked on McCown's door. Although he couldn't remember who opened the door, Bright testi-

fied that McCown appeared to be nervous and shaky. He also found Canady in her apartment and promptly threw him out. The police were called and McCown directed them to Canady's apartment. Canady did not testify on his own behalf.

■ In his first ground of error, Canady asserts the charge of the trial court is fundamentally defective because he was indicted for burglary of a building and the instruction given applies to sexual abuse cases. Canady challenges the following portion of the charge:

> "You are further instructed that you may find the defendant guilty in this cause based upon the testimony of Veronica McCown, the alleged victim, even if her testimony is uncorroborated, provided that you believe the testimony of the said Veronica McCown, and provided further that you believe from all the evidence beyond a reasonable doubt that the defendant is guilty as charged in the indictment, provided that you first find that the said Veronica McCown informed a person other than the defendant of the alleged offense, if any, within six (6) months after the date of which the offense, if any, is alleged to have occurred."

Fundamental error occurs when one of the following is found:

(1) The charge omits an allegation in the indictment which is required to be proved.

(2) The charge substitutes a theory of the offense completely different from the theory alleged in the indictment.

(3) The charge authorizes conviction on a theory alleged in the indictment and on one or more other theories not there alleged.

(4) The charge authorizes conviction for conduct which is not an offense as well as conduct which is an offense.

*Cumbie v. State,* 578 S.W.2d 732 (Tex. Crim.App.1979).

Initially, it should be noted that burglary is committed when a person, without the effective consent of the owner, "enters a habitation ... with intent to commit a felony or theft." TEX.PENAL CODE ANN.

§ 30.02 (Vernon 1974). Canady was indicted for the offense of burglary of a habitation with the intent to commit the felony of sexual abuse.

■ The purpose of the jury charge is to fully instruct the jury on the law applicable to the case and to apply that law to the facts presented. TEX.CODE CRIM.PROC. ANN. art. 36.14 (Vernon 1981). The Court of Criminal Appeals has suggested that the better practice in instructing the jury on the offense of burglary with intent to commit a felony is to set out all of the elements of the felony in the abstract portion of the jury charge. *Jackson v. State,* 633 S.W.2d 897, 899 (Tex.Crim.App.1982). This is what the trial court did in the instant case; it set out the elements of sexual assault, including the provision regarding uncorroborated testimony, as authorized by TEX.CODE CRIM.PROC.ANN. art. 38.07 (Vernon Supp.1985), in the abstract portion of the charge. Consequently, Canady's first ground of error is overruled.

In his second ground of error, Canady contends the trial court erred by refusing to permit the appellant to ask a relevant question on cross-examination of the prosecutrix. The trial court refused to allow O.K. Kalia, the apartment manager, to testify that McCown went to other men's rooms during the day or that she had told people that she wanted to run away from her husband. In a hearing, outside the presence of the jury, McCown denied that she went to the rooms of other men at the lodge or that she had affairs with any of them. Canady asserts that the excluded testimony of the apartment manager may have created doubt in the minds of the jurors as to whether Canady's entry was without consent, and particularly, as to whether Canady intended to commit a sexual assault rather than having a consensual sexual encounter at the time of entrance.

■ Evidence of a victim's prior sexual conduct may be admitted "if, and only to the extent that, the judge finds that the evidence is material to a fact issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value." TEX.PENAL CODE ANN.

§ 22.065(a) (Vernon Supp.1985). Section 22.065 continues by stating:

(b) If the defendant proposes to ask any question concerning specific instances, opinion evidence, or reputation evidence of the victim's sexual conduct, either by direct examination or cross-examination of any witness, the defendant must inform the court out of the hearing of the jury prior to asking any such question. After this notice, the court shall conduct an in camera hearing, recorded by the court reporter, to determine whether the proposed evidence is admissible under Subsection (a) of this section. The court shall determine what evidence is admissible and shall accordingly limit the questioning. The defendant shall not go outside these limits nor refer to any evidence ruled inadmissible in camera without prior approval of the court without the presence of the jury.

In the instant case, the trial court followed all of the procedures and standards required by Section 22.065(b). After the defendant informed the court, out of the hearing of the jury, that the defense wanted to ask questions regarding the previous sexual conduct of the victim, the court conducted an in camera hearing in which the judge ruled that the proposed evidence was inadmissible, TEX.PENAL CODE ANN. § 22.065(a) (Vernon Supp.1985), because the issue of consent was not raised. *Johnson v. State*, 633 S.W.2d 888 (Tex.Crim. App.1982). Because Canady did not testify, he never raised the issue of whether his entry into McCown's apartment was with or without consent. Furthermore, a plea of not guilty does not raise the issue of consent. *Johnson*, 633 S.W.2d at 891.

■ We conclude that the rejected evidence, standing alone, did not create doubt as to whether Canady's entry was with consent and did not create doubt as to whether the sexual encounter was with consent. Consequently, we find no abuse of discretion in the trial judge's exclusion of the testimony of O.K. Kalia under Article 22.065(a). TEX.PENAL CODE ANN. § 22.065(a) (Vernon Supp.1985). Consequently, Canady's second ground of error is overruled.

■ In his third ground of error, Canady asserts the trial court erred in overruling his objection to the jury charge. Canady contends the charge is violative of article 36.14 of the Texas Code of Criminal Procedure, in that it is an improper comment on the weight of the evidence. TEX.CODE CRIM.PROC.ANN. art. 36.14 (Vernon Supp.1985). Specifically, Canady contends the phrase, "provided that you believe the testimony of the said Veronica McCown," goes beyond the scope of TEX.CODE CRIM.PROC.ANN. art. 38.07 (Vernon Supp.1985).

As discussed in the first ground of error, Canady was charged with burglary of a habitation with intent to commit sexual assault. Since the jury had to find that Canady intended to commit sexual assault upon the complaining witness before entering a verdict of guilty, the trial court properly instructed the jury on the law regarding uncorroborated testimony of a sexual assault victim. *See Johnson*, 633 S.W.2d at 888; TEX.CODE CRIM.PROC.ANN. art. 38.07 (Vernon Supp.1985). Consequently, Canady's third ground of error is overruled. The judgment of the trial court is affirmed.

