Opinion issued December 10, 2009

 

 

 

 

 



 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-00844-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



SIMON CHAMBERS, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 

 



On Appeal from the 263rd District Court

Harris County, Texas

Trial Court Cause No. 1098972

 

 



MEMORANDUM OPINION

The State charged appellant Simon
Chambers with the felony offense of burglary of a habitation.  See
Tex. Penal Code Ann. §§ 30.02,
12.33 (Vernon 2003).  A jury found
Chambers guilty of the crime as charged and found each enhancement paragraph alleging
two earlier burglary convictions true, and it assessed punishment at fifty
years’ confinement.  Chambers challenges
the legal and factual sufficiency of the evidence supporting his conviction for
burglary of a habitation.  We conclude
that the evidence is legally and factually sufficient to support the jury’s
findings, and therefore affirm.  

Background

          On January 4, 2007, Gregory Roberts
left his apartment around 4:00 a.m. to report for work.  Roberts had lived at this location for more
than four years, without a written lease agreement, but paid monthly rent.  Roberts spent the night before at his
girlfriend’s house and came home about 3:00 a.m. to shower and change into a
clean uniform.  Roberts lived on the second
floor of a duplex with both a front and a rear entrance.  Roberts had boarded up the rear entrance
after a recent break-in.  When he left
for work, he locked all three doors leading to his apartment.  

Later that morning, Roberts’ downstairs
neighbor telephoned him, telling him that a door to his apartment was wide
open.  Roberts left work to
investigate.  When he returned home, he
found his front doors open and things missing. 
Roberts also discovered Chambers in his apartment, wearing Roberts’
clothes, and loading items into a laundry basket.  Roberts told Chambers to sit down and not to
move.  According to Roberts, “Chambers
kept stating that, man, I ain’t taken nothing. 
I ain’t do nothing.  I just walked
in and the door was open.  I ain’t – I
ain’t steal nothing out your house.”  Roberts
then called the police.  Officer Webb
arrived 15 to 20 minutes later.  After
questioning Roberts and Chambers, Officer Webb instructed Chambers to take off
Roberts’ clothes and put on his own clothes. 
Chambers then led Webb and Roberts to an abandoned house down the street
where Chambers told them they might find Roberts’ things.  Inside the abandoned house, Roberts
identified some of his items and Officer Webb allowed him to recover them. 

At trial, Roberts testified that he recently
had purchased new toys for his daughter and new TVs, stereos, and video games,
replacements he purchased after another break-in at his apartment that had
occurred about a week earlier.  When
asked to provide documentation like electricity bills or rental pay stubs to
prove he lived at the apartment, Roberts provided a Texas driver’s license
containing the apartment’s address.  

Discussion

In evaluating the legal sufficiency
of the evidence, we view the evidence in the light most favorable to the
verdict and determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99
S. Ct. 2781, 2789 (1979); Drichas v. State, 175 S.W.3d 795, 798 (Tex.
Crim. App. 2005).  We do not resolve any
conflict of fact, weigh any evidence, or evaluate the credibility of any
witnesses, as this was the function of the trier of fact.  See Dewberry v. State, 4 S.W.3d 735,
740 (Tex. Crim. App. 1999); Adelman v. State, 828 S.W.2d 418, 421 (Tex.
Crim. App. 1992); Matson v. State, 819 S.W.2d 839, 843 (Tex. Crim. App.
1991).  

In evaluating factual sufficiency, we
consider all the evidence in a neutral light to determine whether the jury was
rationally justified in finding guilt beyond a reasonable doubt.  Watson v. State, 204 S.W.3d 404, 414 (Tex.
Crim. App. 2006).  We set the verdict
aside only if (1) the evidence is so weak that the verdict is clearly wrong and
manifestly unjust or (2) the verdict is against the great weight and
preponderance of the evidence.  Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  Under the first prong of Johnson, we
cannot conclude that a verdict is “clearly wrong” or “manifestly unjust” simply
because, on the quantum of evidence admitted, we would have voted to acquit had
we been on the jury.  Watson, 204 S.W.3d at 417.  Before finding that evidence is factually
insufficient to support a verdict under the second prong of Johnson, we
must say, with some objective basis in the record, that the great weight and
preponderance of the evidence contradicts the jury’s verdict.  Id.  We must also discuss the evidence that
appellant argues most undermines the jury’s verdict.  See Sims v. State, 99 S.W.3d 600, 603
(Tex.
Crim. App. 2003).  

Chambers first contends that the
State failed to prove that Roberts’ apartment was not open to the public
because the testimony at trial indicates that several abandoned buildings
existed in the immediate area.  A person
commits the offense of burglary of a habitation if “without the effective consent
of the owner, the person enters a habitation, or a building (or any portion of
a building) not then open to the public, with the intent to commit a felony,
theft, or an assault.”  Tex. Penal Code Ann. § 30.02(a)(1)
(Vernon 2003).  “Not then open to the
public” modifies “building” in the statute, not “habitation”; therefore closed
to the public it is not an essential element of burglary of a habitation.  Jackson v. State, 633 S.W.2d 897, 898 (Tex. Crim. App. 1982); Garza v. State, 522 S.W.2d 693, 694 (Tex. Crim. App. 1975).  A sufficiency review is limited to the
“essential elements” of the offense.  See Gollihar v. State, 46 S.W.3d 243,
256 (Tex.
Crim. App. 2001). 

Second, Chambers contests the jury’s
finding that Roberts’ apartment was his “habitation” and that Chambers intended
to commit burglary.  Roberts testified,
however, that the apartment was not abandoned and that he had purchased new toys
and electronics for the apartment after a recent break-in.  Roberts provided a driver’s license listing
the apartment as his residence.  A
rational jury could have found from this evidence that the apartment was
Roberts’ habitation.  Further, Roberts
came home to find Chambers in his apartment, wearing his clothes, and loading Roberts’
things into a laundry basket.  A rational
jury could have found from this evidence that Chambers entered Roberts’ home
without consent, and with the intent to commit theft.  We conclude that the evidence is legally
sufficient to support Chambers’ conviction. 


Furthermore, a neutral view of the
evidence demonstrates factually sufficient proof to support a conviction.  Chambers points to Roberts’ testimony that
the door to his apartment was open when he returned to investigate his neighbor’s
concern.  Although Chambers proffered this
evidence as a reasonable explanation for his presence in the apartment, the
jury impliedly found his explanation not credible.  A jury may resolve inconsistent testimony by
making credibility determinations of the witnesses, and it is free to believe
or disbelieve any portion of any witness’ testimony.  Sharp
v. State, 707 S.W.2d 611, 614 (Tex.
Crim. App. 1986).  We therefore hold that
the evidence is factually sufficient to support Chambers’ conviction.




Conclusion

We hold that the evidence presented
is both legally and factually sufficient to support the jury’s verdict that
Chambers committed the offense of burglary of a habitation.  We therefore affirm the judgment of the trial
court.

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Bland and Massengale.

Do not publish.  Tex.
R. App. P. 47.4.