

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00198-CR

_____

WILLIAM EDWARD PARDUN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 30474

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

M E M O R A N D U M   O P I N I O N

After William Edward Pardun drove his minivan into the back of a car stopped at a red light in Greenville, Texas, he was arrested and indicted for operating a motor vehicle while intoxicated (DWI), with two or more prior driving while intoxicated convictions. After a jury trial, Pardun was found guilty and sentenced to seventy-five years' confinement. In this appeal, Pardun asserts that the trial court erred (1) in giving a supplemental charge to the jury and (2) in admitting, during the punishment phase of his trial, a certified copy of one of his prior convictions for operating a motor vehicle while intoxicated. Because we find no error on the part of the trial court, we will affirm its judgment.

## I.       Correcting Charge Before Argument Began Was Not Error

After the State and Pardun rested their cases in the guilt/innocence phase of the trial, the trial court read its charge to the jury.[1]  In pertinent part, the court's original charge read:

> Our law provides that a person commits the offense of Driving While Intoxicated, Third Offense, if the person is intoxicated while operating a motor vehicle in a public place and has previously been convicted two or more times of any offense relating to the operation of a motor vehicle in a public place while intoxicated.

> "Intoxicated" means not having the normal use of mental or physical faculties by reason of the introduction of alcohol into the body.

> . . . .

> Now, if you find from the evidence beyond a reasonable doubt that on or about May 24, 2014, the Defendant, . . . Pardun, did then and there operate a motor vehicle in a public place while the said Defendant was intoxicated by reason of the introduction of a combination of alcohol, controlled substance, and/or a dangerous drug into his body, and you further find that prior to the commission of this offense,

---

[1]The parties had previously expressed no objection to the charge.

2

that . . . Pardun was convicted on the 7th day of April, 2008, in the County Court [at] Law No. 1 of Hunt County, Texas, Cause No. CR-0702678, for the offense of Driving While Intoxicated, and that on the 24th day of September, 2013, in the County Court at Law No. 1 of Hunt County, Texas, in Cause No. CR-1301357 was convicted of Driving While Intoxicated, then you will find the defendant guilty of Driving While Intoxicated, Third Offense, as charged in the indictment.[2]

After the charge was read to the jury, but before jury argument began, the State pointed out to the trial court that the definition of intoxicated should not have been limited to alcohol, but should have also referred to controlled substances and/or dangerous drugs.[3] Although Pardun objected to modifying the charge, saying the parties had agreed to the charge, the trial court corrected the abstract portion of its charge to read, "'Intoxicated' means not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, and/or a combination of two or more of those substances, or any other substance into the body." After the jury returned, the trial court explained to the jury that "there was an error in one of the definitions" and then informed the jurors that it would reread Paragraph 2, which contained all of the definitions. The trial court then read Paragraph 2 in its entirety, including the revised definition of intoxication.

Pardun's first point of error asserts that the trial court erred in supplementing its charge after it had been read to the jury. He does not contend that the wording of the revised definition

---

[2]The indictment alleged that Pardun "was intoxicated by reason of introduction of a combination of alcohol, controlled substance, and/or a dangerous drug into the body."

[3]Based on the evidence, Pardun's blood sample drawn after the accident showed the presence of alcohol, hydrocodone, and alprazolam. Testimony also showed that hydrocodone is an opiate, that alprazolam is a benzodiazepine, and that both are central nervous system depressants.

3

was erroneous; rather, he only argues that it amounted to a comment on the weight of the evidence.[4] The State responds that there was no error since the trial court's corrected definition was derived from the Texas Penal Code and comports with the evidence introduced at trial. We agree.

## A. Standard of Review

We review alleged jury charge error using a two-step process. *Kirsch*, 357 S.W.3d at 649; *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). Initially, we determine whether an error occurred and then, if so, we determine whether the error was sufficiently harmful to require reversal. *Kirsch*, 357 S.W.3d at 649; *Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003); *Abdnor*, 871 S.W.2d at 731–32. The harm required for reversal depends on whether the defendant properly objected. *Abdnor*, 871 S.W.2d at 732. When a proper objection is made at trial, reversal is required if the error is "calculated to injure the rights of [the] defendant"; under such circumstances, the appellant need only demonstrate "some harm" on appeal. *Id.*; *see also Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g). If a defendant does not object to the charge, reversal is required only if the harm is egregious, that is, if it denied the defendant a "fair and impartial trial," "go[es] to the very basis of the case," "deprive[s] [the defendant] of a 'valuable right,'" or "vitally affect[s] his defensive theory." *Almanza*, 686 S.W.2d at 172; *Rudd v. State*, 921 S.W.2d 370, 373 (Tex. App.—Texarkana 1996, pet. ref'd). Neither party has the burden to show harm. *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013).

---

[4]We note that Pardun's only argument in support of his first point of error does not comport with the objection made at trial, which was based on the parties' failure to object to the original charge and the potential confusion of the jury. Since this is an alleged jury charge error, however, whether this argument has been preserved "is not relevant until harm is assessed because the degree of harm required for reversal depends on whether the error was preserved." *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012).

In examining the charge for possible error, we "must examine the charge as a whole instead of a series of isolated and unrelated statements." *Dinkins v. State*, 894 S.W.2d 330, 339 (Tex. Crim. App. 1995). Further, if there is no charge error, we need not determine whether the defendant suffered any harm. *Posey v. State*, 966 S.W.2d 57, 60 (Tex. Crim. App. 1998).

### B.      Analysis

Article 36.16 of the Texas Code of Criminal Procedure provides that the jury charge may not be amended, with certain exceptions not applicable here, after jury argument begins. TEX. CODE CRIM. PROC. ANN. art. 36.16 (West 2006). However, the Texas Court of Criminal Appeals has consistently construed Article 36.16 to allow the trial court to correct its charge, even after jury deliberations have begun, if the trial court is convinced that it gave an erroneous charge. *See Smith v. State*, 898 S.W.2d 838, 854–55 (Tex. Crim. App. 1995); *Bustillos v. State*, 464 S.W.2d 118, 125 (Tex. Crim. App. 1971). The trial court is "responsible for the accuracy of the jury charge and accompanying instructions." *Vega v. State*, 394 S.W.3d 514, 518 (Tex. Crim. App. 2013) (quoting *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007)). Under the Texas Code of Criminal Procedure the court's charge is required to set "forth the law applicable to the case." TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). To do so, it must "fully instruct the jury on the law applicable to the case and to apply that law to the facts presented." *See Gray v. State*, 152 S.W.3d 125, 127 (Tex. Crim. App. 2004) (quoting *Jackson v. State*, 633 S.W.2d 897, 899 (Tex. Crim. App. 1982)). It should correspond to both the State's allegations made in its indictment and the evidence presented at trial. *Id.* at 131; *Jackson v. State*, 633 S.W.2d 897, 899 (Tex. Crim. App. 1982); *Rider v. State*, 567. S.W.2d 192, 195 (Tex. Crim. App. [Panel Op.] 1978). Further, when a

5

term is defined by the Penal Code, the law applicable to the case includes, as applicable, the statutory definition. *Thomas v. State*, 821 S.W.2d 616, 619 (Tex. Crim. App. 1991). The Penal Code defines "intoxication" as "not having the normal uses of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body." TEX. PENAL CODE ANN. § 49.01 (West 2011).

In this case, the State alleged in its indictment that Pardun "was intoxicated by reason of introduction of a combination of alcohol, controlled substance, and/or a dangerous drug into the body." Further, the evidence at trial showed that, at the time of his arrest, Pardun had ingested alcohol and two prescription drugs. The court's definition of "intoxication" in its original charge did not comport with either the State's allegations or the evidence presented at trial. When alerted to this fact, the trial court corrected its instruction to comport with the State's allegations and the evidence presented at trial. In addition, the corrected definition substantially conforms to the statutory definition of intoxication.

Since the court may correct an erroneous charge even after jury deliberations have begun, the trial court did not err by providing a corrected charge before argument began. *See Smith*, 898 S.W.2d at 854–55. Further, since there was no charge error, we need not determine whether Pardun suffered any harm as a result of the trial court correcting its charge. *Posey*, 966 S.W.2d at 60. We overrule this point of error

6

## II.  Any Error in Admitting Prior Conviction Was Not Preserved

In his second point of error, Pardun complains that the trial court erred in admitting, during the punishment phase of the trial, a certified copy of a prior judgment memoralizing a DWI conviction.  Pardun argues that, since there were no fingerprints or photographs accompanying the judgment, there was insufficient evidence identifying him as the person who was the subject of the conviction.  Since Pardun stipulated that he had been previously convicted of DWI on the date, in the court, and under the cause number appearing on that same judgment, we find that he has not preserved this point of error.

During the punishment phase of his trial, the State introduced, over Pardun's objection, a certified copy of a prior DWI judgment of conviction.  The judgment showed that it was entered by the County Court at Law of Hunt County, Texas, on April 7, 2008, under cause number CR0702678 and that the defendant was William Edward Pardun.  At the guilt/innocence phase of the trial, the State introduced the Defendant's Stipulation of Evidence, without objection.  The stipulation of evidence, which was signed under oath by Pardun, stated,

> [Pardun] judicially confesses to the following facts and stipulates that the following facts are true and constitute evidence in this cause, to-wit:
>
> That on or about the 7th day of April, 2008, in the County Court at Law #1 of Hunt County, Texas, in cause number CR-0702678 I was convicted of the offense of Driving While Intoxicated. . . .

"To preserve error in admittiing evidence, a party must make a proper objection and get a ruling on that objection. . . . An error in the admission of evidence is cured where that same evidence comes in elsewhere without objection." *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003) (citing TEX. R. APP. P. 33.1(a)); *Ethington v. State* 819 S.W.2d 854, 858 (Tex. Crim.

7

App. 1991)).  Since the same evidence came in through Pardun's stipulation, any error in the admission of the judgment of conviction was cured, and Pardun has preserved nothing for our review.  We overrule his second point of error.

Finding no error, we affirm the judgment of the trial court.


Ralph K. Burgess
Justice

Date Submitted:      June 8, 2016
Date Decided:        August 26, 2016

Do Not Publish