**Ex parte William G. LONG.**

**No. 56264.**

Court of Criminal Appeals of Texas.

Dec. 14, 1977.

Michael W. White, Andrew B. Logan, San Antonio, for appellant.

Bill M. White, Dist. Atty., Douglas C. Young, Alan E. Battaglia and Bennie F. Steinhauser, Jr., Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is a post conviction habeas corpus proceeding instituted under Article 11.07, V.A.C.C.P., in which petitioner seeks to set aside his 1959 conviction for murder with malice. No appeal was taken.

In 1958 petitioner was twice indicted for the offense of murder with malice in companion cases. Trial on the first indictment before the Criminal District Court in Bexar County resulted in a hung jury and a mistrial was declared. During the trial, evidence was adduced which raised the issue of petitioner's mental competency to stand trial. Venue was changed to DeWitt County where petitioner was retried, convicted and his punishment was assessed at ninety-nine years. On the motion of the trial court in DeWitt County venue in the second case pending against the petitioner was returned to Bexar County. Petitioner again appeared before the Criminal District Court and was convicted upon a plea of guilty before a jury to the second indictment. Punishment was assessed at ninety-nine years. The Honorable M. D. Jones presided when the mistrial was declared and at petitioner's plea of guilty in the second trial. The petitioner attacks the second conviction.

He sets forth sixteen contentions. We have reviewed the last fifteen and have found them to be without merit. Discussion will therefore be confined to the first contention.

He contends that the trial court denied him due process of law in accepting his plea of guilty to the second indictment without holding a separate hearing on the issue of his competency to stand trial in compliance with *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 14 L.Ed.2d 815 (1966).[1] No suggestion or evidence of incompetency was brought to the attention of the court during petitioner's plea of guilty before the jury. It is argued, however, that the same trial judge who accepted petitioner's plea of guilty also presided at his previous mistrial

---

1. Petitioner's conviction became final prior to the Supreme Court's decision in *Pate v. Robinson*. In *Ex parte Halford*, 536 S.W.2d 230 (Tex. Cr.App.1976), however, this Court determined that *Pate v. Robinson* may be retroactively applied.

and was, therefore, on notice of evidence adduced at the mistrial which would have raised a bona fide doubt as to petitioner's present mental incompetency. We find petitioner's argument to be without merit and affirm the order of the district court denying relief.

The statement of facts before petitioner's trial when there was a mistrial is not before us; hence, no review of the testimony adduced at those proceedings is possible. Counsel asserts, however, that evidence was presented at the mistrial of sufficient force to create in the mind of the trial judge reasonable grounds to doubt petitioner's competency to stand trial. See, *Bonner v. State*, 520 S.W.2d 901 (Tex.Cr.App.1975).

At the outset, we observe that no pre-trial motion for a hearing to determine petitioner's competency was filed prior to the entry of his guilty plea. At no time during the presentation of evidence to support the plea did petitioner's counsel express to the court any uncertainties concerning his client's mental capacity. Moreover, no evidence was introduced which would have cast doubt on petitioner's competency. Petitioner argues that his competency to stand trial on the second indictment was placed in issue by virtue of certain evidence, within the personal knowledge of the trial judge, which had been introduced at the prior trial conducted four months earlier and of which the court should have taken judicial notice.

■ Even if there might have been evidence that petitioner was incompetent to stand trial four months earlier, this did not mean that he was incompetent to stand trial at the time he pled guilty. To suggest that the trial court should have held a separate competency hearing on the basis of evidence adduced several months before is to suggest that mental competency is fixed and unalterable over time. This Court has held to the contrary. *Almand v. State*, 536 S.W.2d 377 (Tex.Cr.App.1976); *Bledsoe v. State*, 519 S.W.2d 646 (Tex.Cr.App.1975).

■ The refusal of a trial court to halt trial on the merits and conduct a separate hearing on competency will not be disturbed in the absence of an abuse of judicial discretion. *Garza v. State*, 522 S.W.2d 693 (Tex.Cr.App.1975); *Bonner v. State, supra; Perryman v. State*, 507 S.W.2d 541 (Tex.Cr.App.1974). No such abuse of judicial discretion is demonstrated in the instant case.

The relief sought is denied.