**Affirmed and Memorandum Opinion filed August 13, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00530-CR

## CHRISTOPHER WESLEY PARKS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 75th District Court**
**Liberty County, Texas**
**Trial Court Cause No. CR30078**

### M E M O R A N D U M   O P I N I O N

Appellant, Christopher Wesley Parks, was indicted for the felony offense of continuous sexual abuse of a child. *See* Tex. Penal Code Ann. § 21.02(b) (West, Westlaw through 2015 R.S.).[1]  A jury convicted appellant of the charged offense

---

[1]  Section 21.02(b) provides "A person commits an offense if:  (1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and (2) at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age." *Id.* § 21.02(b).

and found the enhancement allegation to be true. A jury assessed punishment of life in prison, a fine and court costs.

In three issues, appellant contends (1) his constitutional right to due process was violated because he was forced to stand trial after being determined to be incompetent, (2) the trial court erred in admitting evidence of an extraneous offense, and (3) the jury unanimity charge, as applied to appellant, was erroneous and caused egregious harm. We affirm.[2]

## I. COMPETENCY

In his first issue, appellant complains he was forced to stand trial after being determined to be incompetent. "A criminal defendant who is incompetent may not be put to trial without violating due process." *Turner v. State*, 422 S.W.3d 676, 688 (Tex. Crim. App. 2013) (citing *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996)).

In September 2013, counsel for appellant filed a motion requesting that he be examined by a psychiatrist to determine his competency to stand trial. One month later, the trial court found by clear and convincing evidence that appellant was incompetent to stand trial and ordered him to be committed to the Vernon State Hospital for further evaluation and treatment to determine his competency at a later date. In March 2014, the Texas Department of State Health Services determined that appellant was competent to stand trial, and it provided that information to the trial court.

Additionally, prior to the commencement of trial in June 2014, the trial court conducted a hearing to determine which individuals were the outcry witnesses. *See*

---

[2] This case was transferred to our court from the Beaumont Court of Appeals; therefore, we must decide the case in accordance with its precedent if our decision would be otherwise inconsistent with its precedent. *See* Tex. R. App. P. 41.3.

Tex. Code Crim. Proc. Ann. art. 38.072 (West, Westlaw through 2015 R.S.). Neither appellant nor his counsel complained he was incompetent to stand trial, and both the State and appellant announced ready.

After appellant's initial examination and finding of incompetence, he was later examined and found to be competent to stand trial. The record does not contain evidence that appellant's mental condition rendered him incompetent to know and understand the charges against him or evidence that he was in any way prevented from meaningfully participating in his trial. Thus, we conclude that appellant was competent to stand trial. *See Ex parte Long*, 558 S.W.2d 894, 896 (Tex. Crim. App. 1977) (concluding that even if defendant was incompetent to stand trial four months earlier, there was no evidence to suggest he was incompetent when he pled guilty and no suggestion a separate competency hearing was required); *see also Moralez v. State,* 450 S.W.3d 553, 559–60 Tex. App.—Houston [14th Dist.] 2014, pet ref'd) (determining that once the defendant has been found restored to competency, he had the burden to prove he was incompetent); *Johnson v. State*, 429 S.W.3d 13, 18 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (holding that after defendant was found competent to stand trial, any inappropriate court behavior does not show defendant lacked understanding of the proceedings and require a second competency examination). We overrule appellant's first issue.

## II. EXTRANEOUS OFFENSE

In his second issue, appellant contends that the trial court erred in admitting evidence of oral sex upon the complainant when appellant was not provided notice of the extraneous offense of performing oral sex acts upon the complainant. We review the trial court's admission of evidence under an abuse-of-discretion standard. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). We

3

uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Id*.

As noted above, Section 21.02(b) provides that a person commits the offense of continuous sexual abuse of a child if, during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims. *See* Tex. Code Crim. Proc. Ann. art. 21.02(b). Section 21.02(c) provides that an "act of sexual abuse" means any act that is in violation of various penal laws, including aggravated kidnapping, indecency with a child under Section 21.11(a)(1), or sexual assault under Section 22.011. *See id*. art. 21.02(c) (West, Westlaw through 2015 R.S.). The indictment tracked Section 21.02(b) alleging:

> [A]ppellant did then and there during a period that was 30 or more days in duration, to-wit: from on or about September 13, 2011 through June 30, 2012, when the defendant was 17 years of age or older, commit two or more acts of sexual abuse against a child younger than 14 years of age, to contact the sexual organ of [appellant] and, with the intent to arouse or gratify the sexual desire of said [appellant] and/or [complainant], intentionally or knowingly engage in sexual contact with [complainant] by touching the genitals of [complainant], a child younger than 14 years of age. . . ."

Appellant objected that the extraneous offense exceeded what was included in the indictment and constituted surprise and unfair prejudice. At the hearing, the State explained that in preparing for trial the night before the complainant was to testify, the complainant described an act of oral sex. The State claimed it "absolutely shores up the indicted offenses" and argued it involved the same witnesses who are present and can testify at trial. The trial court noted that this "is the nature of these kinds of offenses. The more that a child is interviewed it seems the more it comes to light." The trial court overruled appellant's objection, denied

his request for a one-day continuance, ordered a ten-minute recess, and ordered the State to provide all information to appellant and his counsel.

Appellant contends that the State emphasized the extraneous offense in closing argument. Relevant portions of the State's argument are:

> This is a boy that got touched on his genitals by his grandfather; and the stories stayed consistent all except for, "It happened more times than I originally told you. The worst thing that happened was he made me put my mouth on his penis while he was sucking mine." That's how the story changed. Consistency is there all the way through except for more times that it happened and more stuff that happened.
>
> . . .
>
> That little boy was sexually assaulted by his grandfather.
>
> . . .
>
> Then imagine talking about your grandpa, whatever name you use for him and having to come in here and tell a group of people sitting in here that, "I put my mouth on my grandpa's penis." . . . An 11-year-old boy is telling you what has been going on for more than four years to (sic) of his life.
>
> . . .
>
> [Complainant] said the last time it happened was in June —all the way back to 2007, September 1, that this man committed two sex acts, i.e. touching [complainant's] genitals or taking his penis and touching his butt, he's guilty of continuous sexual assault of a child.

Appellant requested notice of extraneous offenses under Texas Code of Criminal Procedure, Article 38.37, Section 3 and Texas Rules of Evidence 404 and 609. *See* Tex. Code Crim. Proc. Ann. art. 38.37 § 3 (West, Westlaw through 2015 R.S.); Tex. R. Evid. 404, 609. Article 38.37, Section 3 requires that the State shall give notice of its intent to introduce in the case-in-chief evidence of sexual offenses described in Section 1 or 2, including continuous sexual abuse of a child,

indecency with a child and sexual assault of a child, thirty days prior to trial. *See* Texas Code of (Tex. Crim. App. Proc. Ann. art. 38.37 §§ 1, 2 (West, Westlaw through 2015 R.S.).[3] Rule 404(b) provides that evidence of other crimes, wrongs or acts may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identify, absence of mistake, or lack of accident" when the prosecutor provides "reasonable notice before trial that it intends to introduce such evidence— other than that arising in the same transaction—in its case-in-chief." Tex. R. Evid. 404(b) (West, Westlaw through 2015 R.S.). The purpose of the Rule 404(b) notice provision is preventing surprise and informing the defendant of the offenses the State intends to offer at trial. *See Hernandez v. State*, 176 S.W.3d 821, 825 (Tex. (Tex. Crim. App. 2005).

The State gave notice of other extraneous offenses it intended to offer before trial. The notice contained numerous instances of sexual contact between appellant and complainant, but none specifically referred to the appellant performing oral sex acts upon the complainant. One instance referred to appellant "causing the genitals of [another child under the age of 14] to contact the mouth and/or tongue of [appellant]." In its Notice of Intent to Use Child Abuse Victim's Hearsay Statement, the State also disclosed *inter alia* that complainant had reported that appellant had been "doing inappropriate things with him, including touching [complainant] in his private area."

In considering appellant's objection, the trial court stated that this "is the nature of these kinds of offenses. The more that a child is interviewed it seems the more it comes to light." The appellant was notified of the additional act as soon as

---

[3] Section 2(b) provides: "Notwithstanding Rules 404 and 405, Texas Rules of Evidence, evidence of other crimes, wrongs or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including: (1) the state of mind of the defendant and the child; and (2) the previous and subsequent relationship between the defendant and the child." *Id*. art. 38.37 § 2.

6

the State had notice of it. In addition, the appellant had been notified of other extraneous acts. The witness was present, and appellant was able to cross examine the witness about the offense. Under these circumstances, we cannot agree that appellant was harmed by the late notice of this offense. *See Hayden v. State*, 66 S.W.3d 269, 272 (Tex. Crim. App. 2001); *Webb v. State*, 36 S.W.3d 164, 178 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (concluding notice depends on the facts and circumstances of the case).

We overrule appellant's second issue.

### III. JURY UNANIMITY

In his third issue, appellant contends that the jury unanimity charge, as applied to appellant, was erroneous and caused egregious harm. Texas Penal Code Section 21.02(d) provides:

> If a jury is the trier of fact, members of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed. The jury must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse.

Tex. Penal Code Ann. § 21.02(d) (West, Westlaw through 2015 R.S.).

The jury need not unanimously agree on which specific acts of sexual abuse appellant committed or the exact dates on which the acts were committed. *See id*. Jury unanimity is required in felony cases. *See Ngo v. State*, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005).

Appellant did not object to the court's charge at the guilt-innocence phase of the trial. Thus, appellant is entitled to relief only if the charge is incorrect and the record establishes that egregious harm occurred. *See id*. at 743–44. We must first determine whether there was an error in the jury charge. *Id*.

Appellant contends the charge "effectively authorized" the jury to convict appellant of continuous sexual abuse of a child if the jury believed the oral sex abuse allegation but did not believe the offenses alleged in the indictment. We disagree.

The charge of the court defined "act of sexual abuse" as "any act that constitutes indecency with a child, as well as any act of aggravated sexual assault of a child. It also defined aggravated sexual assault and indecency with a child by contact and contained the following instructions:

> (1) to find the appellant guilty of the offense of continuous sexual abuse of a child, it would be required to find beyond a reasonable doubt that appellant committed two or more acts of sexual abuse during the prescribed period of time; and

> (2) if there is any evidence that appellant committed an offense other than those alleged in the indictment, it cannot consider that evidence for any purpose unless it believed beyond a reasonable doubt that appellant committed such offense and, if so, it may only consider that evidence than for determining motive, opportunity, intent, preparation, plan, knowledge, or identify, and only if the jury believed the extraneous offense evidence beyond a reasonable doubt.

Thus the jury was limited to a unanimous finding as to those acts in the indictment. We conclude that the charge was not erroneous. *See Crenshaw v. State*, 378 S.W.3d 460, 467 (Tex. Crim. App. 2012) (concluding the jury "is presumed to have understood and followed the court's charge"); *Lane v. State*, 357 S.W.3d 770, 775–76 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (holding no jury charge error existed where charge tracked the language of statute). We overrule appellant's third issue.

Having overruled all of appellant's issues, we affirm the trial court's judgment.


/s/    John Donovan
Justice


Panel consists of Justices Christopher, Donovan, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).