**1213-15**

No. 14-14-00530-CR

In the Court of Criminal Appeals

Austin, Texas

No. CR-30078

In the 75th District Court of Texas

Liberty County, Texas

ORIGINAL

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 18 2015

Abel Acosta, Clerk

Christopher W. Parks                    Appellant

V

State of Texas                          State

FILED IN
COURT OF CRIMINAL APPEALS

SEP 18 2015

Abel Acosta, Clerk

Petition For Discretionary Review

To the Honorable Judges of the Court of Criminal Appeals

Comes now the Appellant by and through Pro-se of record on Appeal and Pursuant to Texas Rules of Appellate procedure Rule 66.3 presents Petition for Discretionary Review for Appellant.

Christopher Wesley Parks Pro-se
TDCJ# 1933982
Wynne Unit
810 FM. 2821
Huntsville, Texas 77349

-9-

# Table of Contents

Identity of Parties _____ 2

Index of Authorities _____ 3

Introductory Page _____ 4

Statement Regarding Oral Arguement _____ 5

Statement of the Case _____ 6

Statement of Procedural History _____ 7

Grounds for Review _____ 7

Arguement _____ 8

A/B - Appellate Brief

# Identity of Parties and Counsel

**Judge:**

Honorable Mark Morefield presiding Judge
75th Judicial District
Liberty County, Texas
1923 Sam Houston, 3rd Floor
Liberty, Texas 77575
(936) 336-4678

**Prosecutor:**

Mr. Logan Pickett
Liberty County District Attorney
1923 Sam Houston 1st Floor
Liberty, Texas 77575
(936) 336-4609

**Defense Counsel:**
**(At trial)**

Mr. Dan Bradley
SBOT No. 00783703
P.O. Box 7107
Houston, Texas 77248
(713) 819-5529

**Appellate Counsel:**

Mr. Steven Greene
P.O. Box 232
Anahuac, Texas 77514
(409) 267-6290

**Appellate:**

Mr. Christopher Wesley Parks #01933982
Wynne Unit - TDCJ
810 F.M. 2821
Huntsville, Texas 77349

-2-

# Index of Authorities

Case Law                                                          Page

U.S. v Obrien 130 Sct. 2169, 2174                                  9

U.S. v Ruston 565 F. 3d 892, 901                                   8

Windship 397 U.S. 358, 364                                        10

 Appeal Brief - A/B

Rules And Statutes

Texas Code Criminal Procedure
Article 201 (e)

Texas Code Criminal Procedure
Article 40.00

No. 14-14-00530-CR

In the Court of Criminal Appeals

In Austin, Texas

---

No. CR30078

In The 75th District Court of

Liberty County, Texas

---

Christopher Wesley Parks                          Appellate

V.

State of Texas                                    State

---

Petition for Discretionary Review

Comes Now the Appellant, by and through his Pro-se record on

Appeal presents this Petition for Discretionary Review for Appellant.

-4-

## Statement Regarding Oral Arguement

Petitioner request Oral arquement pursuant to TX. R. Evidence 201(e) defendants right to be heard. Defendant who has never spoken to his Appellate Attorney but has written him many times for him to Amend his appeal Brief with "Newly discovered evidence" which would show Appellate was somewhere else during All Alleged offenses. Also showing why his wife And her kids would benifit Greatly from Appellate's incarceration. As well as medical Evidence of his E.D. that his wife Promised she would get to testify before the Grand Jury if subpeoned by Mr. Parks, that her husband could not have committed these Accusations against him And how her Grandkids told her that he did Not do Anything wrong (RR6-151). See Pro-se's "motion for Judicial Notice" filed July 10, 2015.

## Statement of the Case

This is an appeal from a conviction for the offense of Continuous Sexual Abuse of a Child (CR-4, 131-132). Appellate was arrested August 8, 2012, and suffered a stroke June 21, 2013, and on October 1, 2013 based on a report from a medical Doctor the Trial Court found Appealate incompetent to stand trial and Mr. Parks be confined to Vernons State Mental hospital to determine the likelyhood of defendant to be able to stand Trial again. (CR-18-19). A bench warrant Motion by Prosecutor issued April 8, 2014.

Trial began June 9, 2014. Appellant once again entered a plea of Not Guilty. And with a jury to asses guilt or innocence June 12, 2014 returned a guilty verdict and asses punishment to Confinement in the Institutional Division of the Texas Department of Criminal Justice for Life. (CR-131). The Certification of Defendants right to appeal and Notice of Appeal was filed Sameday (CR 139-140)

-6-

Statement of Procedural History

The Memorandum Opinion of the Court of Appeals Case Number 14-14-00530-CR was handed down and Affirmed, August 13, 2015. No motion for a rehearing was filed.

Grounds for Review

1) Competency - Constitutional Right to due process violated when forced to stand Trial After being determined to be incompetent.

2) Extraneous Offense - The Court erred in admitting extraneous offense.

3) Jury Unanimity - The Jury Unanimity Charge as applied to Appellant was erroneous and cause egregous harm.

## I. Competency

Appellate signed Medical Records Release Authorization forms August 10, 2015 and in two years No Mental Health Records were ever Aquired by anyone (CR-151-152). While on Duty for the United States Post Office Mr. Parks Suffered a stroke and was on Social Security Disability (April 2011 - April 2015) and was Certified to be incompetent by the Texas Department Health Services Prior to Arrest.

To further Complicate matters Mr. Parks Suffered another Stroke while being detained and forced to stand trial. Appellate has never been tested for incompetency as a result from stroke at Vernon state Mental Hospital but was tested for his Colon Cancer and cyst in his "Groin," the Reason for his E.D." Theoretically Once defendant is returned to stand Trial the burden of Proof for Incompetency Now is on defendant. Mr. Parks maintains the proof has always been on Record with the Texas Department Health Services. U.S. v Ruston 565 F.3d 892, 901 (5th Cir. 2009)

## II. Extraneous Offense

Appellate was not "notified of additional extraneous Act As soon as State Notice" but was in fact known to them "about a year and half ago" earlier. (R86-85) but was delayed for tactical advantage. The prosecutor is required to prove beyond a reasonable doubt every element with which a defendant is charged in an indictment. The defendant must be aquitted if the Court defines reasonable doubt in a way that impermissibly eases the burden of proof. "Elements" of a crime "that" must be charged in an indictment and proved to a jury beyond-a-reasonable doubt and sentencing factors that can be proved to a Judge At sentencing by a preponderance of the evidence". Mr. Parks did not live on on Kay Street with a garage next door. in 2007-2012. Mr Parks' sister found his video that shows where he lived during all alleged crimes and shows evidence of stolen items "the reason why they wanted him incarcerated" and to regain stolen property.

## III. Jury Unanimity

Distinguishing between elements that must be charged in an indictment and proven to a jury "beyond-a-doubt standard and Sentencing factors that can be proven to a Judge at Sentencing by a preponderance of the evidence provides "concrete substance" to presumption of innocence.

By Winship beyond-a-reasonable doubt standard the Prosecutor failed to prove every element of the crimes in the Indictment. With Recently discovered evidence "Home Video" will prove beyond-a-doubt that Appellate did not commit a single Act in the indictment, furthermore it shows why they benifited greatly from Mr. Parks' incarceration

Evidence of a robbery Perpetrated by Sheva, Patrick Glavin and Albert Holman. Items were stored in Christina Parks's storage building. before Mr. Parks and Christina Separated. See Dayton Police report CFS# 013580 where they came to remove Mr. Parks by force from his home. See also Amendment to Appeal Brief May 26, 2015 and Pro-se's Motion for Judicial Notice to be taken Filed July 10, 2015

<u>Winship 397 U.S. 358, 364</u>

<u>Prayer</u>

The Petitioner prays that the Honorable Court reverses his conviction and he be remmanded for a new trial to correct his unlawful Confinement.

Extraneous offense

Page 10 Continued...

As stated the extraneous offense of oral Sex (RR6-71-75) was in the Indictment to incorporate by Reference and affirmed My Indictment DA. Case# F08160 and TRN# 91389057 A002 True Bill Indictment for Alleged Victim Hayden George the only Indictment Information Available 30 days before trial was missing information Essential Elements of Date, Place and Building of Where Crimes Occurred To witt "Garage Next door to 207 Ray St 1st-4th Grade" to be able to Assert a Double Jeopardy Defense. The only information before trial was July 26, 2015 ANUS-to-penis Sexual Contact September 13, 2011 through June 30, 2012. The Contradictory Statements for (2007-2010):

"The First time was 1st grade (2007) at a house on Ray street" (RR6-55) and "The first time was at a trailer on 2323" (2007) (RR6-141-142) Both Extraneous events occurred in the Scope of 2007-2011. The essential Elements of Date, Place and Building of where crimes occurred were missing in order to Assert a Double Jeopardy Defense. from indictment Proof of where I lived 2007-2011 "Home Video" Has been Provided making both Statements false. See Judicial Notice of Home Video filed July 10, 2015.

Santos v Rivera, 183 F. 3d 367, 369 (5th Cir. 1999)

-10-

# Facts

Christina Parks - married "six" times. Appellate was told only three times with the last marriage being his best friend and father of Shana and Albert Holman Jr. (murdered)

Christina - The kids father Albert Holman Sr. was "Murdered" Somesay by her Next husband Joe Richardson (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). They went on the Lamb from Liberty Co. Joe was using Albert Holman Sr's Social Security Number and identity, She gave him Social. She used her best friends Social "Kim Burch Queals in Ohio (see Investigation Report.). Texas Rangers

Christina - When the kids became mad at their Step Father for turning their mom into Liberty Co. Using the same tactics put Joe Richardson in prison for life (same Charges) exact same charges as Appellate in prison for Life see Joey Allen Richardson Vs. State of Arkansas (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).

Christina - was to testify to Grand Jury about Mr. Parks "Erectile Dysfunction" And at Trial Testified exact opposite. (R26-151) So Mr. Parks would Not Divorce for Bygomy, Still married to Hermans 2 (LUL-#5) (R26-15).

Patrick - When Mr. Parks was going to turn him into Authorities he bribed Christian with A house (Mr. Park's house) $8000.00, And a New Car (Toyota Yaris, Joe Myers Toyota Houston)

Patrick - Manager of "Ross" store used Shana and brother Albert Holman Jr. to get past Security Camera's with Stolen Property "see home Video"

Patrick - owed IRS $30,000.00. "Tam Scam" to help pay Christina's bribe They used his earned income credit for his kids which Christina did not support And he would Not get money back from IRS anyhow. (See Bank of America Atascocita 2013)

Patrick - Needed Stolen Washer/Dryer back from Mr. Parks And it was still in his home. (Traded money for Due and lawyer for Shana) (w/Dryer on Home Video also)

Patrick And Shana Never remarried to continue getting benefits from the Government for single mother (day care, Student loans, food stamps etc...) (See Attorney General for Case Numbers Mr. Parks turned into Government)

Unsworn Declaration Under Penalty of Perjury
State law V.T.C.A. Civ. Prac. and Rem. Code § 132.001-132.003 / Fed. Law § 1946

I Christopher W. Parks TDCJ# 1933982 certify that I am currently incarcerated at The John M. Wynn unit 810 F.M. 2821 Huntsville, Texas 77349 Texas Department of Criminal Justice Institutional Division located in Walker County, Declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on This day of August 31 2015.

Chris Parks                    Pro-Se
Christopher Wesley Parks #1933982
Wynne Unit Walker County
810 F.M. 2821
Huntsville, Texas 77349

Certificate of Service

I Christopher W. Parks, TDCJ No. 1933982 certify that I have sent "A Original Copy" and "Original / Duplicate Copy" of petitioner's Pro-Se Petition for Discretionary Review. Via U.S. mail postage prepaid to the following Parties:

Logan Pickett, Prosecutor

1923 Sam Houston Suite 112

Liberty, Texas 77575

State Prosecuting Attorney

P.O. Box 13046

Austin, Texas 78711-3046

File Mark Service Requested

Executed on this the day of 31 August 2015.

_____ Pro-Se

Christopher Wesley Parks #1933982
Wynne Unit
810 F.M. 2821
Huntsville, Texas 77349

**Affirmed and Memorandum Opinion filed August 13, 2015.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

---

## NO. 14-14-00530-CR

---

### CHRISTOPHER WESLEY PARKS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 75th District Court
Liberty County, Texas
Trial Court Cause No. CR30078**

---

# MEMORANDUM OPINION

Appellant, Christopher Wesley Parks, was indicted for the felony offense of continuous sexual abuse of a child. *See* Tex. Penal Code Ann. § 21.02(b) (West, Westlaw through 2015 R.S.).[1]  A jury convicted appellant of the charged offense

---

[1]  Section 21.02(b) provides "A person commits an offense if:  (1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and (2) at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age." *Id.* § 21.02(b).

and found the enhancement allegation to be true. A jury assessed punishment of life in prison, a fine and court costs.

In three issues, appellant contends (1) his constitutional right to due process was violated because he was forced to stand trial after being determined to be incompetent, (2) the trial court erred in admitting evidence of an extraneous offense, and (3) the jury unanimity charge, as applied to appellant, was erroneous and caused egregious harm. We affirm.[2]

## I. COMPETENCY

In his first issue, appellant complains he was forced to stand trial after being determined to be incompetent. "A criminal defendant who is incompetent may not be put to trial without violating due process." *Turner v. State*, 422 S.W.3d 676, 688 (Tex. Crim. App. 2013) (citing *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996)).

In September 2013, counsel for appellant filed a motion requesting that he be examined by a psychiatrist to determine his competency to stand trial. One month later, the trial court found by clear and convincing evidence that appellant was incompetent to stand trial and ordered him to be committed to the Vernon State Hospital for further evaluation and treatment to determine his competency at a later date. In March 2014, the Texas Department of State Health Services determined that appellant was competent to stand trial, and it provided that information to the trial court.

Additionally, prior to the commencement of trial in June 2014, the trial court conducted a hearing to determine which individuals were the outcry witnesses. *See*

---

[2] This case was transferred to our court from the Beaumont Court of Appeals; therefore, we must decide the case in accordance with its precedent if our decision would be otherwise inconsistent with its precedent. *See* Tex. R. App. P. 41.3.

Tex. Code Crim. Proc. Ann. art. 38.072 (West, Westlaw through 2015 R.S.). Neither appellant nor his counsel complained he was incompetent to stand trial, and both the State and appellant announced ready.

After appellant's initial examination and finding of incompetence, he was later examined and found to be competent to stand trial. The record does not contain evidence that appellant's mental condition rendered him incompetent to know and understand the charges against him or evidence that he was in any way prevented from meaningfully participating in his trial. Thus, we conclude that appellant was competent to stand trial. *See Ex parte Long*, 558 S.W.2d 894, 896 (Tex. Crim. App. 1977) (concluding that even if defendant was incompetent to stand trial four months earlier, there was no evidence to suggest he was incompetent when he pled guilty and no suggestion a separate competency hearing was required); *see also Moralez v. State*, 450 S.W.3d 553, 559–60 Tex. App.— Houston [14th Dist.] 2014, pet ref'd) (determining that once the defendant has been found restored to competency, he had the burden to prove he was incompetent); *Johnson v. State*, 429 S.W.3d 13, 18 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (holding that after defendant was found competent to stand trial, any inappropriate court behavior does not show defendant lacked understanding of the proceedings and require a second competency examination). We overrule appellant's first issue.

## II. EXTRANEOUS OFFENSE

In his second issue, appellant contends that the trial court erred in admitting evidence of oral sex upon the complainant when appellant was not provided notice of the extraneous offense of performing oral sex acts upon the complainant. We review the trial court's admission of evidence under an abuse-of-discretion standard. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). We

3

uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Id.*

As noted above, Section 21.02(b) provides that a person commits the offense of continuous sexual abuse of a child if, during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims. *See* Tex. Code Crim. Proc. Ann. art. 21.02(b). Section 21.02(c) provides that an "act of sexual abuse" means any act that is in violation of various penal laws, including aggravated kidnapping, indecency with a child under Section 21.11(a)(1), or sexual assault under Section 22.011. *See id.* art. 21.02(c) (West, Westlaw through 2015 R.S.). The indictment tracked Section 21.02(b) alleging:

> [A]ppellant did then and there during a period that was 30 or more days in duration, to-wit: from on or about September 13, 2011 through June 30, 2012, when the defendant was 17 years of age or older, commit two or more acts of sexual abuse against a child younger than 14 years of age, to contact the sexual organ of [appellant] and, with the intent to arouse or gratify the sexual desire of said [appellant] and/or [complainant], intentionally or knowingly engage in sexual contact with [complainant] by touching the genitals of [complainant], a child younger than 14 years of age. . . ."

Appellant objected that the extraneous offense exceeded what was included in the indictment and constituted surprise and unfair prejudice. At the hearing, the State explained that in preparing for trial the night before the complainant was to testify, the complainant described an act of oral sex. The State claimed it "absolutely shores up the indicted offenses" and argued it involved the same witnesses who are present and can testify at trial. The trial court noted that this "is the nature of these kinds of offenses. The more that a child is interviewed it seems the more it comes to light." The trial court overruled appellant's objection, denied

4

his request for a one-day continuance, ordered a ten-minute recess, and ordered the State to provide all information to appellant and his counsel.

Appellant contends that the State emphasized the extraneous offense in closing argument. Relevant portions of the State's argument are:

> This is a boy that got touched on his genitals by his grandfather; and the stories stayed consistent all except for, "It happened more times than I originally told you. The worst thing that happened was he made me put my mouth on his penis while he was sucking mine." That's how the story changed. Consistency is there all the way through except for more times that it happened and more stuff that happened.
>
> . . .
>
> That little boy was sexually assaulted by his grandfather.
>
> . . .
>
> Then imagine talking about your grandpa, whatever name you use for him and having to come in here and tell a group of people sitting in here that, "I put my mouth on my grandpa's penis." . . . An 11-year-old boy is telling you what has been going on for more than four years to (sic) of his life.
>
> . . .
>
> [Complainant] said the last time it happened was in June —all the way back to 2007, September 1, that this man committed two sex acts, i.e. touching [complainant's] genitals or taking his penis and touching his butt, he's guilty of continuous sexual assault of a child.

Appellant requested notice of extraneous offenses under Texas Code of Criminal Procedure, Article 38.37, Section 3 and Texas Rules of Evidence 404 and 609. *See* Tex. Code Crim. Proc. Ann. art. 38.37 § 3 (West, Westlaw through 2015 R.S.); Tex. R. Evid. 404, 609. Article 38.37, Section 3 requires that the State shall give notice of its intent to introduce in the case-in-chief evidence of sexual offenses described in Section 1 or 2, including continuous sexual abuse of a child,

indecency with a child and sexual assault of a child, thirty days prior to trial. *See* Texas Code of (Tex. Crim. App. Proc. Ann. art. 38.37 §§ 1, 2 (West, Westlaw through 2015 R.S.).[3] Rule 404(b) provides that evidence of other crimes, wrongs or acts may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identify, absence of mistake, or lack of accident" when the prosecutor provides "reasonable notice before trial that it intends to introduce such evidence— other than that arising in the same transaction—in its case-in-chief." Tex. R. Evid. 404(b) (West, Westlaw through 2015 R.S.). The purpose of the Rule 404(b) notice provision is preventing surprise and informing the defendant of the offenses the State intends to offer at trial. *See Hernandez v. State*, 176 S.W.3d 821, 825 (Tex. (Tex. Crim. App. 2005).

The State gave notice of other extraneous offenses it intended to offer before trial. The notice contained numerous instances of sexual contact between appellant and complainant, but none specifically referred to the appellant performing oral sex acts upon the complainant. One instance referred to appellant "causing the genitals of [another child under the age of 14] to contact the mouth and/or tongue of [appellant]." In its Notice of Intent to Use Child Abuse Victim's Hearsay Statement, the State also disclosed *inter alia* that complainant had reported that appellant had been "doing inappropriate things with him, including touching [complainant] in his private area."

In considering appellant's objection, the trial court stated that this "is the nature of these kinds of offenses. The more that a child is interviewed it seems the more it comes to light." The appellant was notified of the additional act as soon as

---

[3] Section 2(b) provides: "Notwithstanding Rules 404 and 405, Texas Rules of Evidence, evidence of other crimes, wrongs or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including: (1) the state of mind of the defendant and the child; and (2) the previous and subsequent relationship between the defendant and the child." *Id.* art. 38.37 § 2.

the State had notice of it. In addition, the appellant had been notified of other extraneous acts. The witness was present, and appellant was able to cross examine the witness about the offense. Under these circumstances, we cannot agree that appellant was harmed by the late notice of this offense. *See Hayden v. State*, 66 S.W.3d 269, 272 (Tex. Crim. App. 2001); *Webb v. State*, 36 S.W.3d 164, 178 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (concluding notice depends on the facts and circumstances of the case).

We overrule appellant's second issue.

### III. JURY UNANIMITY

In his third issue, appellant contends that the jury unanimity charge, as applied to appellant, was erroneous and caused egregious harm. Texas Penal Code Section 21.02(d) provides:

> If a jury is the trier of fact, members of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed. The jury must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse.

Tex. Penal Code Ann. § 21.02(d) (West, Westlaw through 2015 R.S.).

The jury need not unanimously agree on which specific acts of sexual abuse appellant committed or the exact dates on which the acts were committed. *See id.* Jury unanimity is required in felony cases. *See Ngo v. State*, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005).

Appellant did not object to the court's charge at the guilt-innocence phase of the trial. Thus, appellant is entitled to relief only if the charge is incorrect and the record establishes that egregious harm occurred. *See id.* at 743–44. We must first determine whether there was an error in the jury charge. *Id.*

7

Appellant contends the charge "effectively authorized" the jury to convict appellant of continuous sexual abuse of a child if the jury believed the oral sex abuse allegation but did not believe the offenses alleged in the indictment. We disagree.

The charge of the court defined "act of sexual abuse" as "any act that constitutes indecency with a child, as well as any act of aggravated sexual assault of a child. It also defined aggravated sexual assault and indecency with a child by contact and contained the following instructions:

> (1) to find the appellant guilty of the offense of continuous sexual abuse of a child, it would be required to find beyond a reasonable doubt that appellant committed two or more acts of sexual abuse during the prescribed period of time; and

> (2) if there is any evidence that appellant committed an offense other than those alleged in the indictment, it cannot consider that evidence for any purpose unless it believed beyond a reasonable doubt that appellant committed such offense and, if so, it may only consider that evidence than for determining motive, opportunity, intent, preparation, plan, knowledge, or identify, and only if the jury believed the extraneous offense evidence beyond a reasonable doubt.

Thus the jury was limited to a unanimous finding as to those acts in the indictment. We conclude that the charge was not erroneous. *See Crenshaw v. State*, 378 S.W.3d 460, 467 (Tex. Crim. App. 2012) (concluding the jury "is presumed to have understood and followed the court's charge"); *Lane v. State*, 357 S.W.3d 770, 775–76 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (holding no jury charge error existed where charge tracked the language of statute). We overrule appellant's third issue.

8

Having overruled all of appellant's issues, we affirm the trial court's judgment.

/s/    John Donovan
          Justice

Panel consists of Justices Christopher, Donovan, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).